## Case No. 1,190.

### BEARDSLEY v. TORREY.

[4 Wash. C. C. 286.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1822.

REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—LANDLORD AND TENANT—EJECTMENT.

1. In an ejectment instituted in a state court of Pennsylvania by A, a citizen of Pennsylvania, against B, also a citizen of that state, tenant in possession, C, a citizen of Maryland, after a judgment by default against B, was upon his petition admitted as defendant in the suit, the petition stating that B was his tenant. The petition of the plaintiff further stated, that the land in dispute was worth more than $500; and it prayed that the cause might be removed into the circuit court, which was granted. This court remanded the cause to the state court, on the ground of want of jurisdiction; C being only a co-defendant with B, who, as well as the plaintiff, is a citizen of Pennsylvania.

2. In Pennsylvania the landlord cannot be permitted to defend alone in ejectment in the room of the tenant, without the consent of the plaintiff.

[Cited in Ex parte Turner, Case No. 14,245; Ex parte Girard, Id. 5,457.]

3. If there be two defendants in the state court, the cause cannot be removed into the circuit court upon the petition of one of the defendants.

[Cited in Smith v. Rines, Case No. 13,100; Ex parte Turner, Id. 14,245; Ex parte Girard, Id. 5,457; Sands v. Smith, Id. 12,305; Florence Sewing-Mach. Co. v. Grover & Baker Sewing-Mach. Co., Id. 4,883; Grover & Baker Sewing-Mach. Co. v. Florence Sewing-Mach. Co., 18 Wall. (85 U. S.) 580; Smith v. McKay, 4 Fed. 354; Fisk v. Henarie, 32 Fed. 422.]

[At law. Ejectment by Beardsley against Seymour Spafford and David Torrey.]

Rule obtained by the plaintiff to show cause why the record in this suit should not be remanded to the state court, from which it was sent to this. This was a writ of ejectment, brought under the act of assembly of this state, passed the 21st of March, 1806, (4 Smith, Laws, 332,) and the supplement thereto, ([13 April, 1807,] Id. 476,) by the plaintiff, against Seymour Spafford, the tenant in possession, for a tract of land in

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

the county of Wayne. David Torrey, styling himself a citizen of Massachusetts, filed a petition in that court, stating that the land in dispute is his property, and that Spafford has no title thereto but as his tenant, and praying to be admitted a defendant in the action. The petitioner further states, that the land exceeds the value of $500, and prays that the cause may be removed for trial into the next circuit court of the United States for this district. The prayers of the petition being granted, Torrey entered into a recognizance to enter in the circuit court of the United States for the district of Pennsylvania copies of the process against him in the above action.

Rawle, for the plaintiff, in support of the rule, contended, that Torrey, having been admitted in the state court as a defendant with Spafford, a citizen of Pennsylvania, this court has not jurisdiction of the cause, the plaintiff being also a citizen of the same state. If it should be contended that, by admitting Torrey as a defendant, this court ought to consider him as the sole defendant, in the room of the tenant in possession, it is answered, that this is not the language of the record, and that the court had no power to order the substitution without the consent of the plaintiff. Emlen v. Hoops, 3 Serg. & R. 130. Another objection is, that the recognizance given by Torrey is only to enter in the circuit court, on the first day of the session, copies of the process, and does not bind him to enter also his appearance, as required by the twelfth section of the judiciary law.

Tilghman and Binney, for the defendant, insisted, that the only question in the cause being the title of the landlord, and Torrey having been admitted a defendant, and not a co-defendant with his tenant, this court ought to consider him as substituted for the tenant, who is in fact only a man of straw, after the landlord is admitted to defend. Runn. Ej. 168, 185. The courts of the United States have even taken jurisdiction in cases between citizens of the same state, where it appeared that the plaintiffs were only nominal parties. Browne v. Strode, 5 Cranch, [9 U. S.] 303. If, in a case like this, the jurisdiction of the courts of the United States is excluded, the privilege of removal provided by the twelfth section of the judiciary law may, and in almost every instance, in Pennsylvania at least, will, be rendered ineffectual in cases of ejectments, as the tenant in possession must necessarily be a citizen of the same state with the plaintiff. As to the other objection, the security for the defendant's appearance in the circuit court is required only in cases where special bail is demandable.

WASHINGTON, Circuit Justice. The principal question which arises in this case is,

whether this court has jurisdiction of the cause? And to enable us to decide this point, it is material to inquire who are the parties to the suit? Originally, they were Beardsley plaintiff, and Spafford the tenant in possession, defendant. After a judgment by default against that defendant; Torrey was, upon his petition, admitted a defendant, the judgment by default was set aside, and the suit was ordered to be removed into this court, where it has been docketed as a suit between Beardsley plaintiff, and Torrey defendant. It is contended by the defendant's counsel, that Torrey was the only defendant in the state court at the period of the removal; because, upon a correct construction of the record, he ought to be considered as having been admitted by that court to defend the action in the room of his tenant; and because he is in fact the only real defendant, his title alone constituting the subject of controversy.

The court cannot yield its assent to either of these reasons. Not to the first, because it receives no countenance from the language of the record, which merely states that he was admitted a defendant, and because to have substituted him as the only defendant would have been inconsistent with the laws of this state, and with the decision of the supreme court of the state in the case of Emlen v. Hoops, [supra.] By the act of [March 21] 1772, (1 Smith, Laws, 372,) in cases of ejectments, as then in use, the courts were directed to suffer the landlord to enter himself a defendant, by joining with the tenant in possession in case he should appear; if he did not, whereby judgment was rendered against the casual ejector, execution was to be stayed upon such judgment, and the landlord to be permitted to defend alone. Under the act of 1806, (4 Smith, Laws, 326,) which substitutes the writ of ejectment for the ancient form of proceeding, and the supplement passed in 1807, (4 Smith, Laws, 476,) the landlord is admitted as theretofore to enter himself a defendant. The construction given to these laws by the supreme court of this state, in the case before mentioned is, that the landlord cannot be admitted to defend the suit in the room of the tenant, without the consent of the plaintiff; and this decision I consider as conclusive upon the state courts, and is to be received with the highest respect by this. This then being the law of the state, it forbids the construction put upon this record by the defendant's counsel, the language of which seems to be in strict conformity with the law.

The second reason is equally unfounded, since the tenant in possession has an interest in defending his possession of the subject in controversy, (which in cases of long leases, may frequently be of more value than the interest of the landlord), notwithstanding his defence may rest solely upon the title of the landlord. If then Torrey was merely a co-defendant with Spafford in the state court, it is perfectly clear that this court has not jurisdiction of the cause, and consequently that the record could not legally be removed from the state court to this. It has been decided by the supreme and inferior courts of the United States, and the law is considered to be perfectly settled; that where there are more than one plaintiff or defendant, each of them must be competent to sue or be sued in the court of the United States where the suit is brought. It is equally clear, that if this suit could not have been maintained against Spafford under the eleventh section of the judiciary law, [Act 1789; 1 Stat. 78,] if it had originated in this court; it cannot be removed into this court under the twelfth section, so as to subject that party to the jurisdiction of this court. If this be so, then the cause cannot be removed at all, because it is most obvious that it cannot be severed, and a part only be removed. Not only would such a doctrine be attended with absurdity and inconvenience, but it would be repugnant to the language, and to the clear meaning of the twelfth section; which provides that "where the suit is against a citizen of another state than that in which it is brought, and the matter in dispute exceeds $500, the state court shall proceed no further in the cause, but the same is to be proceeded in in the circuit court, in the same manner as if it had been brought there by original process." There is then an end of the cause in the state court; it being transferred, in the state in which it was there, to another tribunal. Spafford then is either a party defendant in this court, or he is not. If the former, then this court has not jurisdiction of the cause; if the latter, then the cause has not been removed, since the record shows that Spafford was a co-defendant with Torrey, in the state court. There is, indeed, another reason why this court can not take cognizance of this as a removed cause; which is, that Spafford did not join in the petition for the removal, and it is not competent to one defendant to remove the cause without the consent of his co-defendants.

We freely admit that the doctrine which this court finds itself compelled to sanction, may be attended by all the inconveniences pointed out by the defendant's counsel, and that it may be so used, in a great measure, to defeat the provisions of the twelfth section of the judiciary law. But the remedy, if indeed the subject be remediable, must be provided by congress. The judiciary cannot proceed upon grounds of expediency, but must execute the laws as they are found written. It is unnecessary to give any opinion on the other point made by the plaintiff's counsel. The record must be remanded.