THE PEOPLE, *ex rel.* CALDERWOOD, *v.* HAGER.

To authorize a transfer of an action, in which there are several defendants, from a State Court to the United States Court, under the provisions of the Judiciary Act of 1789, on the ground of the alienage of parties defendant, all of the defendants must be within the description of the persons entitled to a transfer, and all must join in the application.

Thus, where in an action of ejectment commenced in a State Court against several defendants, some of whom were citizens of the United States and of this State, and one of whom was an alien residing in this State, an application was made by the alien defendant alone for a transfer of the case to the United States Circuit Court, under the provisions of said Act, which was denied: *Held,* that the denial was proper.

APPLICATION for *mandamus* to be directed to the Judge of the Fourth Judicial District, to compel a removal of the action to the United States Circuit Court for trial.

An action of ejectment was commenced in the Fourth District Court against the relator and ten others, the complaint charging a joint ouster by all the defendants. The relator entered a separate appearance, and in a petition for the transfer of the action to the United States Circuit Court, stated that he was an alien—a subject of the Queen of Great Britain, residing in this State—that he had no joint interest with the other defendants, but unconnected with them claimed a separate portion of the land sued for. Most of the other defendants were citizens of the United States and of this State, and none of them joined in the application for the transfer. The District Court denied the application, and an appeal from this order having been dismissed by the Supreme Court for want of jurisdiction, (see 18 Cal. 124) this proceeding was commenced to obtain a *mandamus* from the Supreme Court, compelling the District Court to make the transfer.

The twelfth section of the Judiciary Act of 1789 provides, "that if a suit be commenced in any State Court against an alien, or by a citizen of the State in which the suit is brought against a citizen of another State, and the matter in dispute exceeds the sum or value of five hundred dollars exclusive of cost, to be made to appear to the satisfaction of the Court, and the defendant shall, at the time of entering his appearance in such State Court, file a petition for the

removal of the cause for trial into the next Circuit Court to be held in the district where the suit is pending, and offer good and sufficient surety for his entering in such Court, on the first day of its session, copies of said process against him, and also for his there appearing and entering special bail in the cause, if special bail was originally requisite therein, it shall be the duty of the State Court to accept the surety and proceed no further in the cause.     *     * And the said copies being entered in such Court of the United States, the cause shall there proceed in the same manner as if it had been brought thence by original process."

*David Calderwood*, Relator, *in pro. per.*, contended that his interest being several from that of the other defendants, and his defense a separate one, and the nature of the action being such that separate defenses might be made, he could not be deprived of his right to a trial in the United States Court by the fact that plaintiff had chosen to sue himself and others jointly, and cited *Gordon* v. *Longest*, 16 Pet. 97 ; *Ward* v. *Aredondo*, Paine, 410 ; *Harrison* v. *Uran et al.*, 1 Story, 64 ; *Heriot* v. *Davis*, 2 W. & M. 229 ; *Shields* v. *Davis*, 1 Pet. C. C. Rep. 431 ; *Mason* v. *Ship Blaviers*, 2 Cranch, 240 ; *Pequit* v. *Levan*, 5 Mason, 35 ; *Polland* v. *Dwight*, 4 Cranch, 421 ; *Logan* v. *Patrick*, 5 Id. 288 ; *Gracie* v. *Palmer*, 8 Wheat. 699 ; *Flanders* v. *Etna Ins. Co.*, 3 Mason, 158.

*J. B. Harmon*, for Respondent.

Respondent relies on the proposition that where there are several defendants in a suit in a State Court, the cause cannot be removed to the Circuit Court upon the petition of *one* defendant.  If the suit could not have been brought in the Circuit Court originally, then it cannot be transferred there.  The jurisdiction of the Circuit Court in this case would depend on the character of the *parties ;* but, as several of the defendants are citizens of California, the condition on which alone the jurisdiction of that Court depends, to wit: *alienage* of one party, or *citizenship* of a State other than that in which the suit is brought, does not attach.  *All the defendants* constitute the party defendant, and *all* must have the right to remove the cause, or no one can.

Hart v. Burnett.

Plaintiff had a right to join the defendants, and that right cannot be defeated. For a full review of the questions involved, see particularly *Smith* v. *Rines*, 2 Sumner C. C. 338, 340-2-4; and brief of Washburn, page 340-2: *Beardsley* v. *Torrey*, 4 Wash. C. C. 286.

FIELD, C. J. delivered the opinion of the Court—NORTON, J. concurring.

This is an application for a *mandamus* to compel the transfer of the case of *Brooks* v. *Calderwood* and others, now pending in the District Court of the Fourth Judicial District, to the United States Circuit Court for California. The case is ejectment against several defendants, some of whom are citizens of the United States and of the State of California. Calderwood is a subject of the Queen of Great Britain, and upon a petition stating the fact, and the tender of the usual bond, he moved for a transfer of the case. The motion was denied, and hence the present application.

The cases of *Smith* v. *Rines et al.* (2 Sum. 338) and *Beardsley* v. *Torrey* (4 Wash. C. C. 286) cover all the questions raised by the relator. Upon the reasons there given we rest our judgment, which is that the application be denied.

Ordered accordingly, and that a *remittitur* issue immediately.