WILLIAM CLARK, Respondent, *v.* EDMUND MILLER, Appellant.

A ministerial officer charged by statute with an absolute and certain duty, in the performance of which an individual has a special interest, is liable to an action if he refuses to perform it, and he is not relieved from the consequences of his disobedience because it is prompted by an honest belief upon his part that the statute is unconstitutional.

The provision of the Constitution (Con., art. 1, § 7) limiting the modes of ascertaining the compensation to be made for private property taken for public use to two, *i. e.*, by a jury or by not less than three commissioners, does not prohibit a reassessment; nor does it prevent the legislature, where it has fixed upon one of the prescribed methods for the original assessment of damages or ascertainment of compensation, from resorting to the other upon reassessment.

Accordingly *held*, that the provisions of the act of 1845, to "reduce the number of town officers," etc. (chap. 181, Laws of 1845), as amended in 1847 (chap. 455, Laws of 1847), which provide for the assessment of damages occasioned by the laying out of a highway, by not less than three commissioners, and for a reassessment by a jury in case a party aggrieved should apply for the same, were not in conflict with said constitutional provision and were valid.

Also *held*, that where damages had been thus reassessed at a larger sum than the original assessment, and the supervisor of the town refused to present the same to the board of supervisors of the county as required by the provision of the act of 1847 (§ 23), but instead thereof presented the original assessment, he deeming the clause as to reassessment unconstitutional, that he was liable to an action at the suit of the party entitled to the damages as reassessed.

The remedy by mandamus is not proper in such case.

The damages in such action are the whole amount which the plaintiff has been unable to obtain by reason of the defendant's refusal to perform his duty, *i. e.*, the amount of the reassessment with interest. He is not limited in his recovery of interest to the period when he might have had his claim presented to another board of supervisors, as he is not obliged to go to another board therefor.

*The People* v. *Supervisors, etc.* (28 N. Y., 112), distinguished

(Argued September 19, 1873; decided January term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the sixth judicial district, entered upon an

order denying a motion for a new trial, and directing judgment upon a verdict. (Reported below, 42 Barb., 255.)

This action was brought against defendant, supervisor of the town of Southport, Chemung county, for alleged refusal and neglect to perform his official duty, which required him to present to the board of supervisors of said county plaintiff's claim for damages as reassessed, occasioned by the laying out of a highway through his lands.

On January 10th, 1863, the commissioners of highways of the town of Southport, in the county of Chemung, laid out a highway through the lands of the plaintiff and others; and the damages of the plaintiff occasioned thereby were assessed by commissioners, appointed for that purpose by the County Court, at the sum of $185. From such assessment the plaintiff appealed, and on March 3d, 1863, the jury, drawn under the proceedings upon such appeal, reassessed such damages at $355. During that year the defendant was the supervisor of said town; and at the annual session of the board of supervisors of said county, in said year, the plaintiff requested the defendant to lay such reassessment before the said board to be audited, which he declined to do, placing his refusal upon the ground of the unconstitutionality of the law allowing the reassessment, and the request of the town authorities of said town to present the said first assessment; the defendant presented the first assessment to said board, which was audited and allowed by it, and the amount raised by tax and tendered to the plaintiff, who refused to receive the same.

At the close of the evidence defendant moved that the plaintiff be nonsuited upon the grounds :

1st. That the statute providing for the reassessment of such damages is unconstitutional and void.

2d. That if such statute be constitutional, the plaintiff's remedy was by mandamus and not by action.

3d. That the defendant having acted in good faith, and as he considered to be his duty as a public officer, the action could not be sustained. The court overruled the motion, and defendant's counsel excepted.

The defendant's counsel claimed that at all events the defendant was only liable for what the plaintiff might lose by the action of the defendant in refusing to present such reassessment; and that such loss was not the amount of such reassessment, but only the interest thereon, from the time when the same should have been presented until the next meeting of the board of supervisors, or such time as the plaintiff could have had the same presented and paid. But the court ruled that the measure of damages was the amount of such reassessment, and the interest thereon from January 1st, 1864, to the day of said trial, being the sum of $382.29, and directed a verdict for that amount, to which defendant's counsel excepted. A verdict was rendered accordingly.

*Erastus P. Hart* for the appellant. The act of 1845, providing for the reassessment of damages on the laying out of highways, is unconstitutional. (Const., art. 1, § 7; 15 Barb., 517; 18 id., 451; 2 Kern., 200.) Defendant, by his omission to present the assessment to the board of supervisors, did not render himself liable to an action in favor of plaintiff. (Laws 1847, chap. 455, § 23; *Garlinghouse* v. *Jacobs*, 29 N. Y., 310–312; *Weed* v. *Trustees of Brockport*, 16 id., 161, and cases cited; 2 Salk., 415; 6 Mod., 26; Ld. Ray., 937; *Braithwaite* v. *Skinner*, 5 M. & W., 313.) Plaintiff's remedy was by mandamus. (*People* v. *Suprs. of Columbia*, 10 Wend., 363; *People* v. *Com. Council of Syracuse*, 20 How., 491; 10 Abb., 114.) If the action can be maintained, the amount of the assessment is not the measure of damages. (*Aspinwall* v. *Suprs. of Rich. Co.*, 28 N. Y., 112; 2 R. S., 587 [marg. page], §§ 55, 56.)

*James E. Dewey* for the respondent. The provision of the Constitution, as to the assessment of the damages, is a restriction and not a grant of power. (*Morrison* v. *Springer*, 3 Am. L. Reg., 276; 14 Iowa, ; 4 Cal., 46; 3 Hallam's Const. Hist., 193, chap. 15; 3 Kern., 145; 19 N. Y., 450; 1 Kent, 448; 15 N. Y., 553–597; Sedg. on Construction,

215.)   The provision of the Constitution was passed in 1846, and its construction has been fixed by chapter 455, Laws of 1847.   (*Stuart* v. *Laird*, 1 Cranch, 299 ; Sedg. on Con., 487; 2 Wend., 266, 274; 11 id., 511; 1 Wheat., 304; 6 id., 264, 419–421 ; 12 id., 290.   It was defendant's duty, as supervisor, to present to the board of supervisors the reassessment of plaintiff's damages ; and for his neglect or refusal to do so, an action lies. . (2 R. S. [5th ed.], 399, § 93 ; 44 N. Y., 113; 32 id., 489–497 ; 42 Barb., 255–266 ; 38 id., 163–173 ; 20 id., 620 ; 11 id., 138 ; 24 id., 170 ; 27 id., 621 ; 4 Hill, 630 ; 1 id., 5, 545 ; 17 Wend., 250 ; 20 id., 91–94 ; 22 id., 348 ; 8 Bos., 353 ; 5 Sand., 289 ; affirmed, 5 Seld., 163 ; 2 Cow., 444 ; 3 Com., 464.)   When a duty, purely ministerial, is violated by a public officer, an injured person may have redress by action. (3 Hill, 538 ; 6 id., 243 ; Sedg. on Dam., 506 [marg. page] ; 1 Wait's L. and Pr., 737 ; 2 Hill on Torts, 423.)   It does not affect the question if the officer acts in good faith.   (4 Hill, 631 ; 1 Den., 457, 589.)   Where a specific duty is imposed on a public officer, a mandamus, as well as an action, may lie. (12 How., 224 ; 23 Wend., 458; 1 Barb., 34; 2 id., 398.) The measure of damages was the amount of the reassessment and interest.   (32 N. Y., 497 ; 3 Seld., 550 ; 21 Barb., 131 ; 35 id., 415, 416, 421, 423 ; 1 id., 34, 35 ; 39 id., 69 ; 24 id., 278 ; 21 N. Y., 481 ; 4 Sand., 67 ; 3 Den., 327 ; 9 J. R., 300 ; 38 Barb., 132 ; 35 id., 514 ; 26 id.,      ; 16 id., 421 ; 4 Bos., 401 ; 23 How., 132.)

JOHNSON, C.   The principal question in this case arises upon the construction of article 1, section 7, of the Constitution of this State, with which, it is contended, on the part of the appellant, that the provisions of sections 2 and 3 of chapter 455 of the Laws of 1847 are in conflict.   Those sections, which were in amendment of the existing law, provided for the assessment of the damages, occasioned in laying out a highway, by not less than three commissioners, to be appointed by the County Court.   A reassessment was also provided for by a jury, in case any party conceiving himself aggrieved

should apply for the same according to the statute. The plaintiff in this case having sustained damage by the laying out of a highway, and being dissatisfied with the damages assessed to him by commissioners appointed by the County Court, procured a jury in conformity with the statute, by whom his damages were reassessed at a larger sum. It became the duty of the defendant, the supervisor of the town, under section 23 of the same act (Laws of 1847, p. 588), to lay before the board of supervisors of the county all damages formally assessed for the laying out of a highway, to be audited; and the act provides that the amount shall be levied and collected in the town, and the money paid to the commissioners of highways of the town, and that they should pay the owner the sum assessed to him. The defendant refused to present to the board of supervisors the reassessment, and, instead, presented the original assessment by the commissioners. In this course he was not justified, unless the law in question is actually unconstitutional. Under our system of government no power is given to public officers to refuse or suspend their obedience to laws on any opinion of their own that a law is unconstitutional. If it is unconstitutional, no one is obliged to obey. If, on the other hand, it is constitutional, it binds every one to obedience. Disobedience on such a ground is always at the peril of the party disobeying, whether a private individual, a public officer, or a board of public officers. That the defendant thought the law unconstitutional, and that this view was shared by the town officers, and that his refusal to obey the statute went upon that ground, is, in a legal point of view, of no consequence. It may affect the moral quality of his act, but does not alter his legal responsibility. Coming, then, to the constitutional provision involved, it is that " when private property shall be taken for any public use, the compensation to be made therefor, when such compensation is not made by the State, shall be ascertained by a jury, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law." It is contended on the part of the defendant that

the legislature must fix upon and prescribe one or the other of these methods for the assessment of damages, and cannot authorize a reassessment, or at any rate resort by way of reassessment to a different mode from that fixed upon in the first instance.

In the preceding section of the Constitution, which is made up of clauses in protection of private right, is contained the declaration in restraint of the public power, " nor shall private property be taken for public use without just compensation." The clause which follows, and is involved in the case before us, is not an authority to take private property, for that flows from the general grant of legislative power, as ascertained by the preceding provision. It is a regulation in restraint of legislative power in respect to methods of ascertaining compensation, with the purpose of prohibiting some modes and allowing others. No methods are allowed save the two specified; a jury, or commissioners appointed by a court of record. The historical fact is that complaints had existed in respect to the methods of appraisement, and the convention solved that difficulty by selecting and approving these two methods, inferentially forbidding all others. There is no ground for saying that the subject of reassessment was in contemplation. That might readily have been reached by a provision that reassessment should not take place, while there is nothing in the language of the provision to indicate that any such view was in the mind of the convention, nor was there any complaint or difficulty in respect to reassessments. To say that the legislature is limited not only to the two methods named, but to a choice between those two, affixes a highly artificial construction upon the terms employed, and is supported by no apparent reason. It was not the limitation of reassessments that existing abuses demanded, but a regulation of the methods of making assessments. The last assessment in this case was by a jury, and the law prescribed that it should be by a jury. How does this conflict with the Constitution, which says that the assessment shall be by one mode or the other? Both the original assessment and the reassessment

were in accordance with the constitutional provision, and there was no inhibition of reassessments. The provision has its full force and extends all needful protection to the citizen when it is construed to require that the original assessment and the reassessment must each be in one or the other of the two modes approved by the Constitution. I am of opinion, therefore, that the defendant was wrong in his views of the constitutional question involved, and that it was his duty to the plaintiff to present the reassessment, and not the original assessment, to the board for audit.

The next question is whether the plaintiff may have an action for this wrong. In my opinion it ought to be deemed settled in the law of this State that a ministerial officer, charged by statute with an absolute and certain duty, in the performance of which an individual has a special interest, is liable to an action if he refuses and omits to perform it. The discussion in *Hover* v. *Barkhoof* (44 N. Y., 113), and especially the opinion of EARL, C., in that case, and the cases cited by him, relieve me from the necessity of further examination of it. That the opinion or belief of the defendant as to his duty does not affect his liability, is established by *The People* v. *Brooks* (1 Denio, 457). Honest ignorance does not excuse a public officer for disobedience to the law.

There is nothing in the position that the plaintiff's remedy is by mandamus. That remedy exists, in general, only where the law affords no other, to prevent a failure of justice. But, as we have seen, in this case the plaintiff makes out a right to his action at law, and in such cases it can never be necessary to resort to a mandamus, even if that remedy happens to be legally available. In this case that remedy would not have been available to the plaintiff and effectual to procure payment of his claim. It could not have been applied for until the defendant was in default; and that default could not have been ascertained to exist until the last moment for presenting claims for audit. That late period would have rendered an application for a mandamus, if granted, practi-

cally ineffectual to afford the plaintiff the relief he was entitled to.

In respect to the rule of damages, I have no doubt that the defendant is answerable for the whole amount which, by his refusal to perform his duty, the plaintiff has been unable to obtain. The law will not limit his recovery to anything less than the amount of the reassessment; for such a limit would drive him to a succession of actions, in none of which could he, if the defendant's position is correct, recover more than interest. It cannot be assumed that the defendant would be taught by the result of one action and proceed to do his duty, and thus avoid another. The plaintiff is not thus to be put off. The defendant's misconduct has deprived him of obtaining his money, and the defendant must answer to the whole injury which he has occasioned. *Com. Bank of Buffalo* v. *Kortright* (22 Wend., 348) in principle covers this case. *The People* v. *Supervisors of Richmond* (28 N. Y., 112) does not conflict with this decision. That was a mandamus against the board of supervisors, and the court held that pecuniary damages could not be substituted for a peremptory mandamus; that the judgment must award that writ, and that only interest from the time when the audit should have taken place could be allowed as damages.

The defendant insisted, at the trial, that the plaintiff should be limited in his recovery of interest to the period when he might have had his claim presented to another board of supervisors. Holding, as we do, that the defendant became, by his refusal, liable for the amount of the reassessment, we cannot consistently hold that the plaintiff must go to the board of supervisors for part of the interest on this amount. His claim is for the damages consequent on the defendant's misconduct, and this covers the amount of the reassessment and interest.

The judgment should be affirmed.

All concur.

Judgment affirmed.