The People of the State of New York ex rel. Henrietta Fisk *v.* The Board of Education of the City of New York.

*Removal of the principals of public schools in New York — Section 1042 of the New York City Consolidation Act.*

Section 1042 of the New York City Consolidation Act of 1882 (Chap. 410) which provides that "Any teacher may be removed by the Board of Education upon the recommendation of the city superintendent, * * * but only by a vote of three-fourths of all the members of said board," applies to principals of the public schools.

The Board of Education has the power and right to remove any teacher, upon the recommendation of the city superintendent of schools, without giving any hearing or assigning any cause.

PEOPLE ex rel. FISK v. BD. OF EDUCATION. 213

First Department, May Term, 1893.

In acting on the removal of a teacher, the Board of Education is not confined to a direct vote upon that question, but may effect the removal by adopting by a vote of the requisite majority, a report of one of its committees, accompanied by a resolution for such removal, where it appears that it was the intent and purpose of the board to include the passing of the resolution in the adoption of the report.

An employee of a municipality does not, by simple appointment to employment, acquire a vested right to the continuance of such employment, unless it is so given by statute.

CERTIORARI to review the proceedings of the Board of Education of the city of New York in removing the relator, Henrietta Fisk, from the position of a principal of the primary department of public school No. 71 in the city of New York.

*B. C. Chetwood,* for the relator.

*R. G. Beardslee,* for the respondent.

PER CURIAM:

The relator was a principal in a public school of this city, and was removed from her place by a vote of three-fourths of all the members of the Board of Education upon the recommendation of the city superintendent, for conduct unbecoming a teacher.

Section 1042 of the New York City Consolidation Act of 1882 (Chap. 410) provides as follows:

" Any teacher may be removed by the Board of Education upon the recommendation of the city superintendent, or of a majority of the trustees for the ward, or of a majority of the inspectors for the district, but only by a vote of three-fourths of all the members of said board."

. This language, as applicable to a teacher, is so plain as to admit seemingly of but one construction. It is insisted, however, by the appellant that it does not apply to principals; but a reference to sections 1042, 1035 and 1038 of the Consolidation Act shows very clearly that principals are expressly included as teachers in all provisions of the statute relating to their appointment and removal. Section 1042, therefore, authorized the Board of Education by a three-fourths vote to remove a principal upon the recommendation of the city superintendent, and in the case of *People ex rel. Gorlitz* v. *Board of Education* (52 N. Y. Super. Ct. 520) it was held that

214 PEOPLE ex rel. FISK *v.* BD. OF EDUCATION.

FIRST DEPARTMENT, MAY TERM, 1893.

such removal may be without cause asserted or shown or opportunity to be heard against the removal. The reasoning of that case and the authorities referred to therein justified the conclusion reached by that court in the construction thus given to this section of the Consolidation Act, and it is needless to refer to such author. ities or to say more than that we regard the reasoning and the conclusion there reached to be decisive of the power thus claimed for the Board of Education. But we do not think that it requires the citation of any authorities to establish the right of the Board of Education to remove any teacher upon the recommendation of the city superintendent without giving any hearing or assigning any cause, for the simple reason that the statute plainly says that they shall have that power.

We should rest our decision upon the statute, were it not that we deem it proper to correct what we regard to be an error in the statement of counsel for appellant. In his brief he says that " without any pretext or reason given, Mr. Jasper again recommended her removal. The committee on teachers held a meeting six days later without the examination of a single witness or any opportunity to accused to produce one. The relator and her counsel were excluded, and the committee forthwith made a report recommending the removal of relator, and to that end reporting a resolution to that effect."

The return to the writ shows — and, there is nothing in the record to the contrary — that the recommendation of the superintendent was referred by the Board to its committee on teachers, and that after its consideration by such committee the relator was notified to attend, and did attend with her counsel, and had an opportunity to be heard and to produce witnesses and testimony in her behalf, and that it was after examining the relator herself that the committee, with the knowledge thus derived, and the knowledge which they had from a prior investigation of charges against the relator, all of which are fully set forth in the return, deemed it proper to adopt a resolution for her removal in accordance with the recommendation of the superintendent.

The only serious question upon this appeal is as to the procedure of the Board in acting upon the report of the committee. The com. mittee on teachers, in their report to the Board, after reciting the

facts of the recommendation for removal and the result of their deliberations, say, "Your committee, therefore, submit for adoption the following resolution: *Resolved*, that Miss Henrietta Fisk, principal of Primary Department No. 71, upon the recommendation of the City Superintendent of Schools, be and she is hereby removed." In executive session, the president announced for consideration this report of the committee on teachers, and the return shows that, after some time spent in consideration of the report, "the president put the question whether the Board would adopt said report, and it was decided in the affirmative" — more than three-fourths voting therefor.

The appellant now insists that under the true construction to be given to section 1042, the vote should be a direct one, and that the mere adoption of the report did not carry the resolution, and that, therefore, the resolution was not passed, and no direct vote was taken on the removal.

As to the necessity for a direct vote, we find no language in the section which would require such a procedure; but in the other suggestion there is much force, viz., that the adoption of the report did not necessarily include the passage of the resolution, which was what was needed to determine its action. In our opinion, however, it would be giving too forced and strained a construction to the acts of the Board if, contrary to what appears to have been the intent and purpose, it should be held that the adoption of the report did not include the passage of the resolution, but that the latter should have been presented and directly voted upon, or that it should have been referred to by the president in putting the motion. We think that no doubt arises as to what was intended, and that no different result would be reached by sending the matter back to the Board to have them vote directly upon it, except possibly litigation arising out of the question of salary and a renewal of a controversy between the Board and the relator, which seemingly had extended over some years prior to her final removal. Taking the entire proceedings together, we think that the presentation of the report embodying the resolution, and the adoption of the report by a three-fourths vote, carried with it an adoption of the resolution itself, which was sufficient evidence of the action of the Board, and resulted in the removal of the relator.

As to the constitutional question, by simple appointment to employment an employee does not acquire a vested right to such employment unless so given by statute.

We are of opinion, therefore, that the writ should be dismissed, with costs.

Present — VAN BRUNT, P. J., and O'BRIEN, J.

Writ dismissed, with costs.