## JORDAN v. BOARD OF EDUCATION et al.

(Common Pleas of New York City and County, Special Term. September, 1895.)

1. CERTIORARI—MATTERS OF DISCRETION.
    Certiorari will not lie against the board of education to review its refusal to reconsider a decision dismissing a teacher who failed to appear before the board and deny the charges preferred.

2. MANDAMUS—REVIEWING ERRONEOUS DECISION.
    The decision of the board of education dismissing a teacher cannot be reviewed on mandamus to compel reinstatement.

Application by Mary N. Jordan for a writ of certiorari and a writ of mandamus to review the decision of the board of education dismissing her from her position as a teacher, and to compel her reinstatement.    Denied.

Matthews & Koehler, for relator.
Francis M. Scott, for respondents.

PRYOR, J.    By the notice of motion, the respondents are required to show cause why a writ of certiorari should not issue to review relator's dismissal from the position of teacher in a public school of the city, and why a writ of mandamus should not be allowed to reinstate the relator in that position.    The relator was dismissed the 2d

of March, 1895; and her application for a certiorari was made September 6, 1895. Obviously, therefore, the four months' limitation in section 2125 of the Code opposes an insuperable bar to the issuance of the writ. Hence, in their brief, counsel for the relator disclaim any purpose to challenge her dismissal, and propose only to review "the refusal of the board of trustees to grant her a rehearing."

Whether a default shall be opened and a rehearing had is purely matter of discretion, and the determination of the question is not subject to revision and reversal by another tribunal. People v. French, 110 N. Y. 494, 18 N. E. 133; Stevens v. Glover, 83 N. Y. 611; Fleischmann v. Stern, 90 N. Y. 110; Code, § 2140. Certiorari to compel the concession of a favor would be an anomaly in jurisprudence. But, upon the papers, it is not apparent that the respondents abused their discretion in refusing the rehearing. The trial of the relator was upon due notice. She failed to appear and defend, because, as she now alleges, she was prevented by illness. But she did not communicate the fact of her disability to the board, nor request an adjournment until her recovery. In their brief her counsel say that she "refrained from attending the meeting, and allowed the trustees to proceed in her absence," because it was manifest that the board "had determined to get rid of her, * * * and she believed she would not be given a fair and impartial trial"; and yet she applied to the board for a rehearing, and proposed to make defense before the same tribunal. She had notice of her dismissal on the 4th of March, and not until the 4th of June did she solicit a rehearing. Then, too, the fact of her illness, as the occasion of her absence from the trial, is challenged by the respondents. The case is plainly and essentially distinguishable from People v. Martin, 13 Misc. Rep. 21, 33 N. Y. Supp. 1007. My conclusion is that the reason given by the respondents for the denial of a rehearing—namely, laches and bad faith—is not so destitute of foundation as to imply a mere arbitrary exercise of power.

Supposing the application for the writ in due season, and the action of the board in the dismissal of the relator open to review, upon the authorities I should be constrained to uphold the determination. People v. Board of Education, 3 Hun, 177; Gorlitz v. Board, 52 N. Y. Super. Ct. 520; Fisk v. Board, 69 Hun, 212, 23 N. Y. Supp. 473. In applying both for a writ of certiorari to review the trial and of mandamus to reinstate her, the relator would unite processes of essentially distinct and repugnant functions; namely, to revise a judicial determination and to enforce a ministerial duty. But, disregarding the misjoinder, and waiving, too, the objection of laches (People v. Justices of Court of General Sessions, 78 Hun, 334, 29 N. Y. Supp. 157), the relator exhibits no case for the allowance of a writ of mandamus. Her right is not clear. She had another remedy,—certiorari,—which she lost by culpable delay. Another appointee occupies the place to which she would be restored, and her dismissal was the result of a trial which may not be reviewed upon mandamus. People v. Common Council, 78 N. Y. 33, 39; People v. Board of Police, 107 N. Y. 235, 13 N. E. 920; People v. Chapin, 104 N. Y. 96, 10 N. E. 141.

Writs disallowed, without costs.