(Supreme Court, Special Term, New York County. March, 1899.)

1. NEW YORK CITY COURT—REMOVAL OF CAUSES.

Under Greater New York Charter, § 1366, providing that a defendant may apply to the justice holding court in the district in which the action is brought for its removal to the city court of New York, an action is not removable on application of one of several defendants.

2. MANDAMUS—REMEDY BY APPEAL.

Mandamus will not lie on refusal of district court to remove case to city court of New York, the remedy being by appeal.

Application by the people, on the relation of the Metropolitan Street-Railway Company, for mandamus to compel the removal of the action of George F. Roesch against relator and another to the city court of New York. Denied.

Henry A. Robinson and John J. Little, Jr., for relator.
Arthur K. Kuhn, for defendant.

GIEGERICH, J. The relator, being sued for negligence, jointly with another defendant, in the municipal court, made a motion for the removal of the cause to the city court, and duly filed an undertaking, in which motion and undertaking the co-defendant did not join. The justice held that he had no power to make such direction, and this application is for a mandamus to compel such removal. Such writ, however, will not issue when there is an adequate remedy by appeal. People v. Coffin, 7 Hun, 608, 609; Clark v. Miller, 54 N. Y. 528, 534; People v. New York, L. E. & W. R. Co., 63 How. Prac. 291, 296. That this remedy exists where the justice erroneously refuses to accept an undertaking and to sign the order of removal is well settled. Hogan v. Devlin, 2 Daly, 184; O'Connor v. Moschowitz, 48 How. Prac. 451; People v. District Court in City of New York, 13 Civ. Proc. R. 134; Warren v. Campbell (Com. Pl.) 14 N. Y. Supp. 165; Langbein, Mun. Ct. Prac. (4th Ed.) p. 76.

Moreover, after careful examination, I conclude that the motion should be denied upon the merits. The Greater New York charter (section 1366), so far as it applies to the question under review, provides that:

"The defendant may, after issue is joined and before an adjournment has been granted upon his application, apply * * * for an order removing the action * * * to the city court of New York. * * * Such an order must be granted upon the defendant's filing with the clerk an undertaking * * *. From the time of granting the order the city court * * * has cognizance of the action, and the clerk of the district must forthwith deliver to the clerk of such court to which the action shall be removed, all process, pleadings and other papers in the action, and certified copies of all minutes, entries and orders relating thereto, which must be filed, entered or recorded as the case requires, in the latter's office."

I think it may be fairly inferred from these provisions that the action can be removed only by the voluntary act of the sole defendant, or, if there be more than one, of all defendants, and upon his or their application, and that the words "the action," as therein used, necessarily mean the entire action, and not a part thereof. Any other construction would, to my mind, be manifestly unjust. The act, as seen, expressly provides for the transmission of the record to the court to which the action may be removed; and it is obvious that, upon compliance with such requirement, the jurisdiction of the municipal court ceases. If the action could be removed upon the request of but one defendant, what, then, would become of it, as against the defendant who did not join in the application? Is he to be forced against his will to follow his co-defendant into the city court, or must the action abate as to him? Surely such an anomalous condition could not reasonably have been within the contemplation of the lawmaking power. The federal statute regulating the removal of suits from state to federal courts on account of alienage, or citizenship of another state, of parties defendant (section 12 of judiciary article, afterwards embodied in Rev. St. U. S. § 639), prescribes that the cause may be removed on the petition of the "defendant." Justice Thompson, in Ward v. Arredondo, 1 Paine, 410, 29 Fed. Cas. 167, 168, passing upon the application made by one of several defendants for the removal of the case, said in part:

"Can then, one of the alien defendants compel his co-defendant to follow him into this court against his will? We put the case thus strongly in order to test the principle. And we cannot discover any satisfactory ground upon which such a doctrine can be sustained. The judiciary act considers the removal of the case as the voluntary act of the party, and on his petition. By the word 'party,' as here used, must necessarily be understood the defendant, embracing all the individuals, be they more or less, constituting such party."

In Beardsley v. Torrey, 4 Wash. C. C. 286, 2 Fed. Cas. 1188, 1189, Justice Washington, passing upon a similar application, held that a suit, if removable at all, must be entirely removed. "It cannot," said he, "be severed, and a part only removed. Not only would such a doctrine be attended with absurdity and inconvenience, but it would be repugnant to the language and to the clear meaning of the twelfth section." These remarks were cited with approval by Justice Story in Smith v. Rines, 2 Sumn. 338, 22 Fed. Cas. 639, 645, and they seem to me to be singularly pertinent to the question under discussion.

It follows from these views that the motion must be denied, with $10 costs.