THE PEOPLE OF THE STATE OF NEW YORK ex rel. IDA A. EVERITT, Relator, *v.* CHARLES B. HUBBELL, President of the Board of Education, and Others, Respondents.

*School teacher — removal of, in New York city — it cannot be reviewed by certiorari.*

A teacher in a public school in the city of New York who, after a hearing, has been removed by the board of school superintendents under section 26 of chapter 387 of the Laws of 1896, with the approval, subsequently given, of the school inspectors of the district, and whose appeal, taken from such decision to the board of education and referred by it on January 31, 1898, to the school board for the boroughs of Manhattan and the Bronx, which came into existence on February 1, 1898, under the provisions of the new charter of the city of New York, has been dismissed by the latter body, cannot, by certiorari, review the action of the board of school superintendents or of the inspectors of the district or of the board of education or of the school board for the boroughs of Manhattan and the Bronx.

CERTIORARI issued out of the Supreme Court and attested on the 26th day of March, 1898, directed to the individuals composing the board of education of the city of New York prior to February 1, 1898, and now composing the school board of the boroughs of Manhattan and the Bronx, and to the individuals composing the board of superintendents of the city of New York, prior to February 1, 1898, and now composing the board of superintendents of the boroughs of Manhattan and the Bronx, and to the individuals composing the board of inspectors of the sixteenth district of the city of New York, prior to February 1, 1898, and now composing the board of inspectors of the sixteenth district of the boroughs of Manhattan and the Bronx, and to each of said boards, requiring them to certify and return to the office of the clerk of the county of New York all and singular their proceedings in removing the relator from her position as a teacher in the public schools of the city of New York.

*Frank Moss*, for the relator.

*Theodore Connoly*, for the respondents.

INGRAHAM, J.:

The relator, a teacher in the public schools in the city of New York, was notified to appear before the board of school superintend-

ents, and a letter was there shown to her purporting to be written by her to another school teacher, which she was asked to explain. After such explanation was received, such board, by a unanimous vote, removed the relator as a teacher in the public schools, and such removal was duly approved by four of the five school inspectors of the district. The relator appealed to the board of education, but that appeal was dismissed and the action of the board of superintendents affirmed. In this proceeding the relator seeks to review the action of the board of school superintendents in removing her, the act of the inspectors of the district in approving such removal, and the action of the board of education in refusing to reinstate the relator.

By section 18 of chapter 387 of the Laws of 1896, in force at the time the relator was removed, the board of school superintendents was constituted ; and by section 26 of this act it was provided that "said board of school superintendents may, by like vote, remove teachers employed therein, other than principals and vice-principals, provided the removal of any teacher be approved in writing by a majority of the inspectors of the district. Any teacher so removed shall have the right to appeal to the board of education, under such rules as it may prescribe, and the said board shall have power, after hearing the answer of the inspectors and of the board of school superintendents, to reinstate the said teacher." Under this provision the board of school superintendents had the power to remove any teacher in the public schools, except principals and vice-principals, subject only to the approval in writing of a majority of the inspectors of the district. No notice to the teacher was required. No trial was to be had. The subject of such removal rested in the discretion of the board of school superintendents. When the removal was approved by a majority of the inspectors of the district, such removal became final, subject to an appeal to the board of education, and the court has no power to review the action of the board of school superintendents or of the inspectors of the district. It was so decided in the case of *People ex rel. Gorlitz* v. *Board of Education* (52 N. Y. Super. Ct. 520), and followed in the case of *People ex rel. Fisk* v. *Bd. of Education* (69 Hun, 213; affirmed by the Court of Appeals, 142 N. Y. 627). Those cases were under section 1042 of the Consolidation Act (Chap. 410 of the Laws of 1882),

which provided that "any teacher may be removed by the board of education upon the recommendation of the city superintendent or of a majority of the trustees for the ward, or of a majority of the inspectors for the district." It was held that that provision gave the board of education the power to remove a teacher without cause asserted or shown or an opportunity to be heard against the removal. The language in the act now under consideration confers the same power upon the board of school superintendents, provided that the removal of any teacher is approved in writing by a majority of the inspectors of the district.

Upon the action of the board of school superintendents, approved by a majority of the inspectors of the district, the relator was removed from the position occupied by her as a teacher in the public schools of the city of New York. That power being vested in the board of school superintendents, the court is powerless to review such action. The only remedy that the relator had after such removal was an appeal to the board of education. The relator, on or about the 1st day of December, 1897, took an appeal to the board of education, and it would appear that such appeal was by the board referred to the committee on instructions under the rules and regulations of the board. That committee notified the relator, who attended with counsel, and the committee appears to have taken the statement of the relator and others, and on the 26th day of January, 1898, reported to the board that "the matter has been carefully investigated and the Committee has decided to recommend that the appeal be dismissed;" and the committee submitted to the board for its action a resolution dismissing the appeal and affirming the action from which such appeal was taken. That report came before the board for consideration on January 31, 1898, when the board ordered that the report and all the evidence and papers in the case be referred to the school board for the boroughs of Manhattan and the Bronx.

On February 1, 1898, the provisions of the new charter of the city of New York, so far as they affected the board of education, came in force. By section 1114 of the charter (Laws of 1897, chap. 378) provision is made for the presentation of charges to the school board against a teacher in any of the public schools, and for a trial and determination of such charges, either by the board or by a com-

mittee of the board, and for fixing the fine, penalty or punishment, if any, which shall be imposed for the offense; such fine, penalty or punishment to consist of a fine, suspension for a fixed time without pay, or dismissal; and "The report of any committee holding such trial shall be subject to final action by the board, which may reject, confirm or modify the conclusions of the committee, and the decision of the board shall be final, except as to matters in relation to which, under the general school laws of the state, an appeal may be taken to the state superintendent of public instruction."

The report of the committee of the board of education coming before such school board, the resolution proposed by the committee dismissing the appeal and approving the action of the board of school superintendents was adopted, a majority of the members of the board voting in favor thereof. By the action of the board of superintendents, approved by a majority of the inspectors of the district under section 26 of the act of 1896, the relator was removed as a teacher in the public schools. That removal was subject to a review by the board of education, as then constituted, upon an appeal by the relator from the action of the board of school superintendents, but until that action of the board of school superintendents had been reversed or the relator reinstated as a teacher, she no longer held such position. Upon the new charter coming in force with this appeal of the relator to the board of education pending and undisposed of, the power to review the action of the school superintendents vested, under section 1058 of the charter, in the board of education of the city of New York as created thereby, or the school boards of the various boroughs as created by the charter, "and such duties shall be deemed under this section to be devolved upon the said board of education or the school boards in the same manner as similar duties are devolved upon the said board of education or the school boards of the boroughs by this act." As by section 1114 of the charter the hearing of all charges against teachers and the power to remove a teacher in any of the public schools vested in the school board of the borough within which the school was located, this power to determine the appeal evidently vested in the school board of the boroughs of Manhattan and the Bronx. Acting under the authority that devolved upon that school board under the provisions of the charter, the board dismissed the appeal of the

relator, refused to reinstate her and approved the action of the board of superintendents in removing her from her position. Thus it would appear that the appeal of the relator to the board of education had been unsuccessful, and the board to whom the appeal had been taken refused to reinstate her. There is nothing in the action of the board of education or the school board for the boroughs of Manhattan and the Bronx that is subject to review by the court upon certiorari.

The writ is, therefore, dismissed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Writ dismissed, with costs.