(32 Misc. Rep. 63.)

### PEOPLE ex rel. KEYSER v. BOARD OF EDUCATION et al.

(Supreme Court, Special Term, New York County. June, 1900.)

1. SCHOOLS—REMOVAL OF TEACHERS—NECESSITY OF WITNESSES.

Under Laws 1896, c. 387, § 26, providing that the board of school superintendents may, by vote of the majority of the whole number in office, remove any teacher other than principals and vice principals, provided the removal of any teacher be approved in writing by a majority of the inspectors of the district, it is not a fatal error to the removal of a teacher by the board of superintendents that its committee to which the charges were referred omitted, on the hearing, to swear its witnesses, since no trial at all was necessary before it.

2. SAME—PROCEEDINGS FOR REMOVAL.

Charges which were preferred against a teacher before the board of school superintendents, finally came before the board of education, and its committee on instruction heard the evidence, and reported in favor of dismissal, and the board adopted the resolution of dismissal. The record of proceedings of the school board showed that the president put the question whether the board would adopt the resolution attached to the report of the committee, and it was adopted. The report of the committee set forth the charges against such teacher, and stated that, after hearing

the evidence, they had found him guilty. *Held*, that an objection that such teacher was removed by a resolution merely, without having been definitely found guilty of any of the faults charged against him, was untenable, since such record showed that the report, as well as the resolution of dismissal of the committee, was adopted and approved by the board.

Application by the people, on relation of Robert B. Keyser, against the board of education and others, for an alternative writ of mandamus to reinstate relator as an assistant school teacher in the New York City schools. Application dismissed.

Samuel D. Levy, for relator.
John Whalen, corp. counsel, for defendants.

GILDERSLEEVE, J. This is an alternative writ of mandamus, which seeks to restore the relator, Robert B. Keyser, to the position of school teacher in Grammar School No. 3 of this city. The facts appear to be substantially as follows, viz.: In April, 1897, charges were preferred against the relator, who was an assistant teacher, before the board of school superintendents, and by it referred to its committee on school management, composed of members of said board. The relator was tried before said committee, and, so far as appears, every opportunity given to him to substantiate his defense. The committee took the evidence of several witnesses, none of whom were sworn, including the relator himself, and reported in favor of the dismissal of the relator. This report was adopted by the board of superintendents, and the matter was submitted to the board of inspectors, in accordance with the statute. Laws 1896, c. 387. The inspectors transferred it, with all the evidence which had been taken before the committee of the board of superintendents, to the then board of education, without expressing either approval or disapproval of the decision of the board of superintendents. The board of education referred the matter to its committee on instruction. This committee took the evidence of the relator and his accuser, Southerland, under oath, and also received certain sworn affidavits, submitted by the relator, and it also took into consideration the evidence that had been taken before the committee of the board of superintendents. This trial before the committee of the board of education began in November or December, 1897. Before this trial commenced, and early in October, 1897, the witnesses who had testified before the committee of the board of superintendents in April or May, 1897, were required to read their testimony over, and to swear that the same was true, before the clerk of the board of education, who was designated by the statute as an officer entitled to swear witnesses in proceedings before the board of education. The committee, after such trial, reported in favor of the dismissal of the relator to the school board, which, under the charter (Laws 1897, c. 378), had become the successor of the old board of education on January 1, 1898, and which had inherited the duties and powers of its predecessors in the premises. See People v. Hubbell, 38 App. Div. 194, 56 N. Y. Supp. 642. The report was submitted on February 25, 1898, and on March 2, 1898, the school board adopted the resolution dismissing the relator from his position as assistant school teacher. The relator made an application for a re-

hearing, which was denied in May, 1898, and on August 24, 1898, he obtained this writ.  A demurrer was interposed and overruled, an answer was put in, and now the case finally comes on for determination.  The relator bases his demand for reinstatement principally upon the claim that part of the evidence upon which his removal was founded was given by witnesses who had not been previously sworn,—i. e. the testimony taken before the committee of the board of superintendents in April or May, 1897, and not sworn to until October, 1897, several months afterwards; and also upon the claim that the school board did not pass definitely upon the truth of the charges, but simply removed him by resolution.  At the time these proceedings were instituted, and up to the year 1898, the law governing this case was chapter 387 of the Laws of 1896.  The section of the law referring to the removals of teachers by the board of superintendents is section 26, which has thus been construed by Mr. Justice Ingraham in the case of People v. Hubbell, 38 App. Div. 195, 56 N. Y. Supp. 643, viz.:

"Under this provision the board of school superintendents had the power to remove any teacher in the public schools, except the principals and vice principals, subject only to the approval in writing of a majority of the inspectors of the district.  No notice to the teacher was required.  No trial was to be had. The subject of such removal rested in the discretion of the board of school superintendents.  When the removal was approved by a majority of the inspectors of the district, such removal became final, subject to an appeal to the board of education; and the court has no power to review the action of the board of school superintendents or of the inspectors of the district."

In the case at bar, as we have seen, the inspectors of the district took no action at all as to approval or disapproval, but passed the matter directly on to the board of education.  It is very evident, however, from the above-quoted decision, that it was not a fatal error for the committee of the school superintendents to omit to swear its witnesses, since no trial at all was necessary before it; nor was any notice to the relator required.  Section 17 of the said statute provides that the board of education "shall have power to remove from office any school officer who has been guilty of immoral or disgraceful conduct, * * * or any conduct which tends to discredit his or her office or the school system; and all testimony taken upon any investigation or proceeding for removal, or upon the hearing of any appeal by a teacher, shall be under oath, which oath may be administered by the clerk of the board of education."  As we have seen, all the testimony before the committee of the board of education had been sworn to.  Section 26 of said statute further provides that "any principal, vice-principal or other teacher may be removed by a three-fourths vote of all the members of the board of education, upon the recommendation of a majority of the inspectors of the district, or upon the recommendation of the board of school superintendents."  In the case at bar the relator was removed by the successor of the board of education, by a three-fourths vote, upon the recommendation of the board of school superintendents, which resolution of the superintendents was passed on September 28, 1897, and reads as follows:  "Resolved, that the board of superintendents hereby recommends to the board of education that Robert B. Keyser be removed from his position as assistant teacher in public school No. 3."  The relator urges that he was

removed by a resolution simply, without having been definitely found guilty of any of the faults charged against him. The record of the proceedings of the school board on March 2, 1898, is as follows: "The president put the question whether the board would adopt the resolution attached to the report of the committee (Journal, pp. 331, 332), and it was decided in the affirmative, three-fourths of all the members of the board voting in favor thereof." On pages 331* and 332 of the journal of the school board on February 25, 1898, we find the report of the committee on instruction offered to the board, setting forth the charges against the relator of inefficiency, irregular habits, bad influence, etc., declaring that, after hearing the evidence, they had found him guilty, and resolving as follows, viz.: "Resolved, that Robert B. Keyser be, and he hereby is, removed from his position as assistant teacher in boys' department, public school No. 3." It seems to me that the inevitable inference is that the report, as well as the resolution of the committee, was adopted and approved by the school board. Section 1114 of the charter (Laws 1897, c. 378) provides that "the report of any committee holding such trial shall be subject to final action by the board [school board], which may reject, confirm or modify the conclusion of the committee, and the decision of the board shall be final, except as to matters in relation to which, under the general school laws of the state, an appeal may be taken to the state superintendent of public instruction." Chapter 556 of the Laws of 1894 provides that any person conceiving himself aggrieved by any official act or decision under the school laws may appeal to the superintendent of public instruction. It would seem, therefore, that the relator might have taken that course, instead of applying to the supreme court for the writ of mandamus. It is a general principle that a writ of mandamus should not issue where there is an adequate remedy by appeal. See People v. Roesch, 27 Misc. Rep. 44, 57 N. Y. Supp. 295; People v. Coffin, 7 Hun, 608, 609; Clark v. Miller, 54 N. Y. 534; People v. New York, L. E. & W. R. Co., 63 How. Prac. 296. It seems to me that the proceedings in this case by the school authorities were in accordance with the requirements of the statute, and that, under section 1114 of the charter, above quoted, the decision of the school board was final, except so far as the relator may have a right of appeal to the state superintendent of public instruction. The alternative writ of mandamus must be dismissed, but, under the circumstances, without costs.

Writ dismissed, without costs.