### EDWARD M. MASON *v.* THOMAS J. CAMPBELL.

It is too late to demand a jury in a district court, upon a day to which the cause has been adjourned after joining of issue.

A defendant cannot object to the regularity of adjournments made by his consent, or upon his motion. His consent is a waiver of the irregularity.

APPEAL by defendant from a judgment of the Third District Court. The cause was commenced in April, 1856, and was adjourned from time to time, by consent of the parties, until the first of September, when the cause was tried, and judgment was rendered for the plaintiff. The facts upon which the appeal of the defendant was based are fully stated in the opinion of the court.

*Clark and Cornwall*, for the appellant.

*John T. Brown*, for the respondent.

INGRAHAM, FIRST JUDGE.—Upon the return of the summons in this case, the parties joined issue, and adjourned the cause to another day. On appearing at the adjourned day, the defendant demanded a jury, to which the plaintiff objected. A jury was

ordered by the justice, and the case adjourned. Numerous adjournments afterwards were made, on the motion of the defendant or with his assent, until the 3d of June, when the defendant did not appear. On that day the plaintiff commenced taking an inquest, and the case was held by the justice for advisement. On the next day, the defendant again appeared, and by consent the trial was opened and continued by several adjournments, until the 1st of September, when the case was again submitted, and the justice rendered judgment for the plaintiff.

The defendant was not entitled to a jury when he demanded it. Issue had been joined, and the case adjourned to another day, and on the adjourned day the demand for a jury was made. This was too late. The act of January 4, 1820, section 3, limits the right to a demand of a jury to the day on which issue is joined, when it says, " it shall not be lawful for either of the parties to demand a jury after the day in which an order has been made for an adjournment." In *Shannon* v. *Kennedy*, 1 E. D. Smith, 345, a doubt was expressed whether such demand could be made on the same day after it was adjourned, but it was not intended to express any doubt whether it could be done on a subsequent day. The statute is positive in prohibiting it.

The subsequent adjournments were all made with defendant's consent or on his motion. He cannot object to the irregularity. His consent waives it. *Redfield* v. *Florence*, 2 E. D. Smith, 339.

Judgment affirmed.