HOSFORD *a.* CARTER.

*New York Common Pleas; General Term, May,* 1860.

TRIAL BY JURY.—JUSTICE'S COURT.—STATUTE OF FRAUDS.

It is competent for a party in an action in a justice's court, who has demanded a trial by jury, to waive that mode of trial by consent in open court.

An agreement by one who has the refusal of property, to attempt to procure a sale to a third party, is not within the statute of frauds.

Appeal from a judgment of a district court.

BY THE COURT.—BRADY, J.—The defendant demanded a jury, but on the day the action was tried, agreed in open court that the trial should be by the court, and the jury was waived. In justices' courts, unless a jury be demanded when the issue of fact is joined, the justice must hear the evidence, decide all questions of law and of fact, and render judgment. Act relating to district courts (*Laws of* 1857, § 47). By the constitution, a jury trial may be waived by the parties in all civil cases in the manner prescribed by law (section 2, article 1, constitution of 1846); and where jurisdiction of the subject-matter exists, a change by consent of the mode of proceeding may be so extensive as to convert the case from a judicial proceeding to a mere arbitration. (Cancemi *a.* People, 18 *N. Y. R.*, 128, and cases cited ; see Greason *a.* Keteltas, 17 *N. Y. R.*, 491.) The justice had jurisdiction of the subject-matter, and the defendant consented to a change in the mode of trial. The defendant, though he demanded the jury, waived it by consent in open court, and by

that act, did it in " the manner prescribed by law." He would have waived it, if he had not demanded it when the issue of fact was joined, and his subsequent waiver was equivalent to a withdrawal of the demand. There is nothing, therefore, in the objection that the trial could not be had without a jury. The objection itself, is one which should not be favored in the law. If we felt that it was fatal, and so declared, it would in effect be permitting the defendant to take advantage of his own wrong.

Upon the merits, the facts appear to be, from the return, which does not seem to be perfect, that there was a sale of the property mentioned by the witnesses for the plaintiff, under the foreclosure, and that Dickerson, the assignor, was the attorney for one of the parties to that foreclosure. At the sale, the property was bought by S. Jones, who gave the refusal of it to Dickerson, at a price named. He, defendant, was informed of this, and agreed to give Dickerson $100 if he would introduce him to Jones, and he purchased the property at the price named. He agreed in the language of one of the witnesses, " to give Dickerson $100 for introducing him to Jones at a certain price named." Meaning evidently, that he was to pay the $100, if through the introduction he procured the property at the price for which Jones had purchased it. The defendant was introduced to Jones, and the assignment of the latter's bid was to the defendant's wife, through the agency of Dickerson. Thus the agreement on the part of the assignor, Dickerson, was performed, and the event upon which the defendant was to pay had occurred. It is true, that the bid was assigned to the defendant's wife, and the deed given to her; but it must be assumed that the assignment so made, was made either by the direction or with the assent of Dickerson. If the defendant chose to transfer his right or interest, that could not defeat the claim of Dickerson under the agreement.

Upon the facts thus stated, it is quite clear that this case as between Dickerson and the defendant, involves no question upon the statute of frauds. Dickerson had no interest in the land. The refusal which he mentioned to the defendant, does not appear to have been in writing, or an agreement executed in part which could be enforced in a court of equity. According to the ordinary acceptation of the term, a refusal is an understand-

ing that nothing will be done with the subject to which it relates, until the person to whom the refusal is given, shall give some positive answer in regard to it. Whether that was the case here or not does not appear, but it is certain that there is no evidence that the assignor had any interest in the land. Indeed, the purchaser Jones had not the fee, but an inchoate right, to become absolute upon the receipt of his deed.

The judgment should be affirmed.