DENNIS HOGAN *v.* CHARLES DEVLIN.

Where, in an action in a District Court in the city of New York, a defendant presents an undertaking to the justice, pursuant to chap. 344, sec. 3, Laws of 1857, for the purpose of removing the cause to the Court of Common Pleas, the jurisdiction of the justice in the cause, except to adjourn, is arrested, until he has disposed of the new element thus introduced.

Where a justice, after the filing of such an undertaking, and before its approval or disapproval by him, entertained a motion by the plaintiff to reduce the amount of his claim, and thus, on the proof adduced, gave a judgment for the plaintiff:

*Held,* That such judgment was erroneous, and will be reversed on appeal.

The execution of a power conferred by statute upon a public officer, concerning the rights of third persons, may be insisted upon as a duty, although the phraseology of the statute be permissive, and not peremptory.

APPEAL by the defendant from a judgment of the Seventh District Court. The action was brought to recover $147, to which the defendant interposed a defense, and presented to the justice an undertaking, and a draft of an order to remove the cause to the Court of Common Pleas, pursuant to the provisions of sec. 3, chap. 344, Laws of 1857, p. 707. The justice retained the papers, without either approving or disapproving of the same. The next day the case was called, the defendant's counsel was absent, but a lad stated that the undertaking had been left with the court. The justice then announced that he had received the papers, but had not examined them. The plaintiff's counsel immediately moved to reduce the claim of the plaintiff to $99, which motion was granted by the justice. Shortly thereafter the cause was called, and the plaintiff allowed to prove his case, and obtained judgment for $97.50 damages, besides costs.

From this judgment defendant appeals.

*Wm. H. Ingersoll,* for appellant.

*S. B. Noble,* for respondent.

BY THE COURT.—BRADY, J.—The defendant, desiring to re-move this action to this court, caused to be prepared and exe-cuted the prescribed undertaking, which was presented to the justice for his approval, on the day prior to that to which the action had been adjourned. He accepted and retained it, but did not examine it at the time he received it. On the follow-ing day, when the cause was called, the plaintiff moved to amend, by decreasing the amount claimed to less than $100, and the justice, without approving or disapproving the under-taking, and disregarding it, allowed the amendment, and refused to grant an adjournment. The defendant was not present, and it seems, from the circumstances disclosed by the return, relied upon the cause being removed. The plaintiff took judgment. It must be reversed. The defendant having complied with the statute, and initiated the proceeding which it authorized, the justice was bound to act in reference to it. He had the power to disapprove the undertaking in the exercise of a sound dis-cretion, and, if he had done so, the judgment would doubtless be sustained, inasmuch as the defendant, without having pro-cured the approval of the undertaking when presented, should have attended upon the day to which the action had been ad-journed, prepared for any emergency that might have arisen. The error of the justice consists, however, in his omission to discharge the duty which the statute imposes (Act of 1857, Laws, vol. 1, p. 707, sec. 3). By neglecting to act in the pro-ceeding commenced, he disregarded a right secured to the de-fendant, and of which he could not be deprived in that way. In the case of the *Mayor* v. *Furze* (3 Hill, 615), it was held, upon a consideration of cases bearing upon the subject, that where a public body or officer has been clothed with power to do an act which concerns the public interest, or the rights of third persons, the execution of the power may be insisted on as a duty, though the phraseology of the statute be permissive, and not peremptory. The rule thus stated applies to this case. The execution of the power conferred upon the justice may be insisted upon as a duty. It was not waived by the defendant, and the justice was bound to perform it. If he had approved the bond, the cause would have been removed, and his jurisdic-

tion at an end.    When an undertaking, such as that presented to the justice in this case, is prepared and delivered for approval, the power of the justice in the case ceases until he disposes of the new element thus introduced.    He may be authorized to adjourn the action for the purpose of informing himself of the sufficiency of the sureties, but this would be the limit of his power.    The undertaking is designed to destroy his jurisdiction, and it arrests it for the time being, and, indeed, until he has approved the undertaking, or refused to do so.    There are no reasons why this should not be the rule to govern his conduct under such circumstances, as long as the right to remove the action exists.    Whether the amendment which the justice allowed, was one which could have been made to prevent the removal of the action, it is not necessary to consider.    It is enough for the purpose of this appeal, that the justice failed to discharge a duty obligatory upon him, before he entertained the motion to amend (see *Tompkins* v. *Sands*, 8 Wend. 462).

Judgment reversed.