O'Connor agt. Moschowitz.

## NEW YORK COMMON PLEAS.

DANIEL O'CONNOR, respondent, agt. SCHAUM M. MOSCHOWITZ, appellant.

*Removal of causes from district court to common pleas — duty of justice in approving security.*

Where an undertaking with two sureties, who have justified in proper form, is presented to a justice of a district court in the city of New York, for the purpose of the removal of a proper case into the court of common pleas, the justice is bound judicially, to approve the undertaking and sign the order of removal.

The justice has no discretion in such a case to refuse to approve and accept of one of the sureties on the ground that he is personally acquainted with him and will not accept him as a responsible surety.

*General Term, January,* 1875.

*Before* DALY, *C. J.,* and ROBINSON and LARREMORE, *JJ.*

THE appellant was sued in the district court in the city of New York, for the third judicial district, before justice Fow-LER, for an amount exceeding the sum of $100. After issue joined, he tendered to the justice an "undertaking on removing cause to the common pleas" and a proposed "order for such removal," in pursuance of subdivision 3, section 3, Laws of 1857, chapter 344, page 707, district court act (*Langbein's District Court Practice, p.* 41).

The plaintiff, availing himself of the practice and decisions, required the sureties on said undertaking to justify, and their examination was accordingly taken, plaintiff's attorneys making no objection as to their sufficiency. The justice approved the sufficiency of one of the sureties, but did not approve of the other, and refused to approve the undertaking or to sign

the order of removal. To all of which the defendant took an exception, refused to furnish another surety or undertaking, claiming that the sureties were sufficient, left the court room and took no further proceedings in the action. The plaintiff obtained judgment by default for the sum of $185.16 damages and costs. From this judgment the defendant appealed.

*George F. Langbein*, of counsel for appellant, made and argued the following points :

If the undertaking offered was correct in form, and the sureties therein were sufficient, the justice should have signed the order of removal, and he had no jurisdiction to render judgment, or take any further action in the case.

He was *functus officii ;* his jurisdiction was arrested except to adjourn (*Hogan* agt. *Devlin,* 2 *Daly,* 184).

The statute referred to recites : " The justice shall make an order removing, &c., upon the defendant executing to the plaintiff an undertaking with one or more sufficient sureties, to be approved of by the justice of the court in which the action is commenced," &c.

The justice was bound to accept and approve any one or more responsible sureties. If the sureties were good in law, upon the face of their sworn examination, the justice could not from mere willfulness, caprice or whim, reject or disapprove of them.

This doctrine is conceded to be law in the case of *Adams* agt. *Ives* (8 *N. Y. Supreme Court Reports* [1 *Hun*], 457), in the opinion of TALCOTT, J.

The justice was to exercise a judicial discretion — a legal discretion, to be exercised in discerning the course prescribed by law ; when that is discerned, it is the duty of the courts to follow it. It is to be exercised, not to give effect to the will of the judge, but to that of the law (*Tripp* agt. *Cook,* 26 *Wend.,* 143, 152). It must be a " sound discretion," said judge BRADY, in *Hogan* agt. *Devlin* (2 *Daly,* 184).

O'Connor agt. Moschowitz.

*Thomas H. Edsall*, of counsel for respondent, argued that the justice had a right to satisfy himself, and that in this case the justice had stated he was personally acquainted with one of the sureties whom he would not accept.

The COURT unanimously reversed the judgment, the chief judge stating that the sureties being sufficient in law, as shown by their sworn examinations, the justice was bound judicially to approve the undertaking and sign the order of removal. A judge should have no private reason — it must be a judicial reason and not an arbitrary, whimsical, capricious reason.

*George F. and J. C. Julius Langbein*, for appellant.

*Dunning, Edsall & Hart*, for respondent.