THE NEW YORK DYEING AND PRINTING ESTABLISHMENT *against* DAVID FOX AND ANOTHER.

(Decided June 6th, 1876.)

In an action in a District Court of the city of New York, the plaintiff at the time of joining issue demanded a jury trial, and paid the jury fee; after several adjournments of the cause, the case being called for trial the plaintiff waived a jury, and against the objections of the defendants, the justice dismissed the jury and heard the cause alone. *Held*, no error.

APPEAL by defendants from the judgment of a District Court. The facts are stated in the opinion.

ROBINSON, J.—On the joining of issue in this action, plaintiff demanded a trial by jury, and paid the amount required by law for that purpose, and a venire was issued returnable on an adjourned day. On that day a jury, duly summoned, was in attendance, but the case was again adjourned on defendants' motion, and on terms imposed by the justice that the defendants pay the sum of $1 50 as fees for summoning a new jury, which was paid by the defendants. Thereupon the cause was

further adjourned by consent to another day, at which time a jury had been summoned to appear.

Before entering upon the trial, the jury which had been summoned were called by the clerk, and the whole jury summoned not being present, the plaintiff thereupon waived a jury trial. Defendants objected to a trial by the court, and insisted that a jury having been called for and summoned, they had the right to a trial by jury, and that plaintiff could not waive the jury called for by him so as to deprive the defendants of a jury trial without their consent, and moved that the cause be tried by a jury, and objected to a trial by the court.

The court overruled the objection and motion, and defendants excepted.

The trial then proceeded, and resulted in a judgment for the plaintiff, from which defendants have appealed.

The plaintiff might, under such circumstances, have waived a jury trial, and if it proceeded before the court, after his withdrawal of his demand for a jury, he would be bound by the judgment (*Horsford* v. *Carter*, 10 Abb. Pr. 452).

The defendants have confounded the practice in justices' courts under the Revised Statutes (2 R. S. 242, § 93), with that in the District Courts in this city, as established by the act of 1857 (ch. 344, § 34). Under the former (§ 93), a jury may be demanded " after issue joined and before the justice shall proceed to the investigation of the cause by an examination of a witness, or the hearing of any other testimony." By the District Court act, sec. 34, " a trial by jury must be demanded at the time of joining an issue of fact, and is waived if neither party then demand it." In the former case, a jury trial may be demanded at any time before the hearing of testimony, and in the latter, only at the time of joining of issue. Defendants having failed to demand a jury trial at the time required, could not afterwards insist upon it (*Shannon* v. *Kennedy*, 1 E. D. Smith, 348; *Mason* v. *Campbell*, 1 Hilt. 291).

Again, they asked for no new *venire* to be issued on their own behalf, nor offered to pay the jurors' and officers' fees required by sec. 39 ; but insisted that plaintiff, who had waived a jury trial, should still adopt that machinery or mode of trial, on

its own motion and at its own expense (*Blanchard* v. *Richly*, 7 Johns. R. 198). Their mere demand for a trial by jury, if it could at that time be made on their behalf, was abortive from want of any offer on their part to pay the expense of the proceeding.

The judgment should be affirmed.

VAN BRUNT, J., concurred.

Judgment affirmed.