WARREN *v.* CAMPBELL *et al.*

PERSONS *v.* SAME.

*(Common Pleas of New York City and County, General Term.* April 20, 1891.)

CHANGE OF VENUE—AMENDMENT OF RETURN.

On appeal from a judgment of a New York city district court, the judgment was reversed on the ground that the justice had proceeded after his jurisdiction was arrested by an application for removal of the cause to the common pleas, under Code Civil Proc. N. Y. § 3216, allowing such removal on application of the defendant, "after issue is joined, and before an adjournment has been granted on his application." *Held* that, after the appellate court had intimated or announced its decision, it was too late for a motion to amend the justice's return so as to show that, before defendants' application for removal, there had been an adjournment on their application, and for a reargument on such amended return.[1]

Motions for leave to amend the returns of a justice of a district court on appeals from judgments of such court, and for rearguments of the appeals upon the returns so amended.

Code Civil Proc. N. Y. § 3216, provides that, in certain actions specified, brought in district courts of the city of New York, "the defendant may, after issue is joined, and before an adjournment has been granted upon his application, apply to the justice of the court in which the action is brought for an order removing the action into the court of common pleas for the city and county of New York;" that "such an order must be granted, upon the defendant's filing with the clerk an undertaking" in a sum and to the effect required; and that, "from the time of the granting of the order, the court of common pleas has cognizance of the action."

Argued before DALY, C. J., and BISCHOFF, Jr., and PRYOR, JJ.

*William N. Cohen*, for the motions. *Fromme Bros.*, opposed.

PER CURIAM. When these appeals were reached for argument at the February general term it did not appear from the justice's return that at the time

---

[1] See note at end of case.

of defendant's application for the removal of the actions to this court for trial
an adjournment had been had on the application of the defendants, and, in·
the absence of an adjournment on such application, it was error for the
trial justice to proceed, his jurisdiction being arrested by the application for
removal, and for this error the judgment appealed from was directed to be
reversed.    This ruling was unquestionably correct.    Code Civil Proc. § 3216;
*Hogan* v. *Devlin*, 2 Daly, 184; *People* v. *District Court*, 13 Civil Proc. R.
134.    The present application in substance is to permit respondent, after the
appeal has been disposed of and determined adversely to him, to amend the
justice's return by the insertion of a statement to the effect that, prior to de-
fendants' application for removal, an adjournment had been had upon their
application, and for reargument of the appeal upon such amended return.    We
do not think that such practice should be countenanced, as it would lead to
uncertainty in the termination of appeals from district courts.    It was the
duty of respondent's counsel to inspect the return before proceeding with the
argument of the appeal, and if it did not sufficiently or correctly represent the
proceedings in the court below, and if the time intervening between the filing
of the return and the hearing of the appeal was inadequate to permit of a ·
proper application for an amendment of the return, he should have protested
against proceeding with the hearing of the appeal, and requested an adjourn-
ment to enable him to make such application.    It was too late for him to do
so after the appellate court had intimated or announced its decision upon the
questions presented by the return as then filed.    Motion denied, with $10
costs.

## NOTE.

REMOVAL OF CAUSES FROM NEW YORK DISTRICT COURT TO COMMON PLEAS—ACTION
NOT REMOVABLE.  An action of claim and delivery of personal property is not removable
under this section, (Code Civil Proc. § 3216,) for the undertaking therein required, "to
pay the plaintiff the amount of any judgment that may be awarded against the defend-
ant," is not adapted to such a case, and would not furnish the plaintiff security for such
terms as the judgment would award.  Curtis v. Besson, 6 Daly, 432.  In Mittnacht v.
Kellermann, 12 N. E. Rep. 28, an action on an undertaking given upon the attempted re-
moval of such a case, the court of appeals said, after citing Curtis v. Besson: "Great
weight must be given to the opinions of that court [the common pleas] upon questions
affecting its own practice and jurisdiction, and we should be reluctant to overrule its
disposition of such cases, especially when they had been long acquiesced in, even if we
were not entirely satisfied with the reasons given therefor.  But we are also of the
opinion that the decision of that case was a correct exposition of the meaning and in-
tent of the statute referred to.  It follows from these views that the order of the district
court, removing the original case to the court of common pleas, was without jurisdic-
tion, and did not effect such removal; that the court of common pleas acquired no juris-
diction of that action by force of the order of removal; and that all subsequent proceed-
ings in that court were void and of no effect.  It also follows from these views that the
execution of the undertaking in question was not made under any statutory authority,
and it cannot be supported upon the theory that it was executed according to any re-
quirement of law."  It was accordingly held that no action could be maintained on the
bond.

——— THE UNDERTAKING—PROCEEDINGS IN DISTRICT COURT.  "Where a public body
or officer has been clothed with power to do an act which concerns the public interest
or the rights of third persons, the execution of the power may be insisted on as a
duty, though the phraseology of the statute be permissive and not peremptory;" and
hence where the undertaking is prepared and delivered to the justice for approval, his
power in the case ceases until he disposes of this new element; so that his entertaining
plaintiff's motion to reduce the demand below the limit fixed for the allowance of remov-
als, and rendering judgment thereon for him, is erroneous, and will be reversed.  Ho-
gan v. Devlin, 2 Daly, 184.  The justice, in passing on the sufficiency of the undertak-
ing, may require the appearance of the sureties to be personally examined before him,
though affidavits of justification were annexed thereto.  And where one of the sureties
is rejected, and an adjournment granted to enable defendant to produce the other, which
he fails to do on the adjourned day, or to appear himself, it is proper on inquest to ren-
der judgment in favor of plaintiff and against defendant.  Moon v. Thompson, Id. 180.
If an examination is had which shows that the sureties are sufficient in law, and plain-
tiff makes no objection to their sufficiency, the justice cannot refuse to approve the
undertaking on the ground that he is personally acquainted with the irresponsibility of
one of the sureties, and will not accept him as sufficient.  O'Connor v. Moschowitz, 48
How. Pr. 451.

Where the justice erroneously refuses to accept the undertaking and sign the order of removal, the defendant's remedy is by appeal, and prohibition will not lie against further proceeding in the case by the justice.  People v. District Court, 13 Civil Proc. R. 134.

—— PROCEEDINGS IN COMMON PLEAS—AMENDMENT.  In Smith v. White, 23 N. Y. 572, the court of appeals said: "It was the evident intention of the law under which the removal into that court [the common pleas] was made that the progress of the suit should not be interrupted by such removal; for the law provides that the order by which it is effected shall be made after the issue, and before the trial of the same." Basing its decision on this case, the court held in Salter v. Parkhurst, 2 Daly, 240, that, since the district courts have no jurisdiction of an action to charge the separate estate of a married woman, after removal of an action on an open account into the common pleas, the plaintiff cannot be allowed to amend by changing his demand against defendant to a debt incurred by her as a married woman, and as a charge on her separate estate. Furthermore, "where an action is originally brought in a district court, its permanent character must be determined by the declaration and the amount sued for in that court, though subsequently it be removed" to the common pleas; and hence after the removal plaintiff cannot claim an amount beyond the jurisdiction of the district court.  Druckenmiller v. Shoninger, 8 N. Y. Supp. 482.  Subject to these limitations, however, the common pleas has power after the removal to permit amendments to pleadings to the same extent that they might have been allowed in the district court had there been no removal.  Lalleman v. Fere, 18 Abb. N. C. 57.

—— JUDGMENT.  In Ludwig v. Minot, 4 Daly, 481, the court, while fully assenting to the doctrine laid down in Smith v. White and Salter v. Parkhurst, supra, as applied to the precise questions decided by those cases, said that on removal the case "becomes subject to all the general rules of practice and principles of law governing cases of like character as to which this court has original jurisdiction;" and also that "the removal of the cause into this court [in which the defendants were actors] attaches to it all the incidents of jurisdiction appertaining to this court,—the unrestrained right of the court to declare the rights of the parties upon the case presented, and to give final judgment in accordance with its determination." Accordingly it held that where the complaint in the district court claimed $260, for the full amount of which judgment was rendered in the common pleas on removal thereto, this judgment was not invalid because the recovery in the district court could not have exceeded $250.

—— WAIVER OF RIGHT TO REMOVE.  By the terms of the statute, after an adjournment had at defendant's instance, it is too late for an order of removal.  Dinkel v. Wehle, 11 Abb. N. C. 124.  Where, after filing the undertaking, an adjournment is granted to allow defendant to produce his sureties, and on the adjourned day he fails to appear and judgment goes against him by default, on opening the default he waives his right to remove by signing a stipulation to pay the amount of plaintiff's claim into court, and to come in and defend on the merits.  Krahner v. Heilman, 9 N. Y. Supp. 633.

—— IMPROPER REMOVAL.  A cause may be remanded to the district court which has been improperly removed to the common pleas.  Field v. Talcott, 4 Law Bul. 22.