Per Curiam.
When these appeals were reached for argument at. the February general term it did not appear from the justice’s return that at the time of defendants’ application for the removal of the actions to this court for trial an adjournment had been had on the application of the defendants, and in the absence of an adjournment on such application it was error for the trial justice to proceed, his jurisdiction being arrested by the application for removal, and for this error the judgment appealed from was directed to be reversed. This ruling was unquestionably correct. Code of Civil Procedure, § 3216; Hogan v. Devlin, 2 Daly, 184; People ex rel. Reynolds v. Fourth District Court, 13 Civ. Pro., 134.
The present application in substance is to permit respondent, after the appeal has been disposed of and determined adversely to him, to amend the justice’s return by the insertion of a statement to the effect that prior to defendants’ application for removal, an adjournment had been had upon their application, and for reargument of the appeal upon such amended return. We do not think that such practice should be countenanced as it would lead to uncertainty in the termination of appeals from district courts. It was the duty of respondent’s counsel to inspect the return before proceeding with the argument of the appeal, and if it did not sufficiently' or correctly represent the proceedings in the court below, and if the time intervening between the filing of the return and the hearing of the appeal was inadequate to permit of a proper application for an amendment of the return, he'should have protested against proceeding with the hearing of the appeal and requested an adjournment to enable him to *763 make such application. It was too late for him to do so after the appellate court had intimated or announced its decision upon the questions presented by the return as then filed.
Motion denied, with ten dollars costs.
Daly, Oh. J., Bischoff and Pryor, JJ., concur.