(23 Misc. Rep. 457.)

## TUTTLE v. GALLIGAN et al.

### (Supreme Court, Appellate Term.   May 3, 1898.)

MUNICIPAL COURT—CHANGE OF VENUE—DISMISSAL.

Where, on the return day of the summons in an action in the municipal court of New York City, the defendant applies for a removal to the city court, and duly tenders a sufficient undertaking, as required by Code Civ. Proc. § 3216, the justice must make the order of removal, and has no jurisdiction to grant an application thereupon made by the plaintiff for a dismissal of the action.

Appeal from Sixth district court.

Action by John Tuttle against Thomas P. Galligan and another. From a judgment discontinuing the action, defendants appeal. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Nadal, Smyth, Carrere & Trafford (Edward P. Mowton, of counsel), for appellants.

Sidney J. Cowen, for respondent.

BEEKMAN, P. J.   This action was brought in the municipal court of the city of New York, borough of Manhattan, Sixth district, for the recovery of the sum of $500, damages for personal injuries alleged to have been caused by the negligence of the defendants.   Upon the return day of the summons the defendants appeared by their attorneys, pleaded a general denial, and thereupon applied for an order removing the action into the city court of New York, at the same time tendering the undertaking required by law in such a case (section 3216, Code Civ. Proc.).   Upon this the attorney for the plaintiff immediately asked leave to discontinue, which was granted by the justice; and judgment dismissing the complaint, with costs, seems to have been rendered accordingly. From this determination the defendants appeal to this court.

Section 3216 is mandatory in its character, and, where the motion is timely, as it was here, requires the justice to make the order of removal, upon the defendant filing with the clerk an undertaking, the nature of which is prescribed.   It has been held that when such an undertaking is prepared, and delivered for approval, the power of the justice in the case ceases until he disposes of the new element thus introduced.   Hogan v. Devlin, 2 Daly, 184; Warren v. Campbell (Com. Pl.) 14 N. Y. Supp. 165.   In the case first cited the court says (page 186):

"He [the justice] may be authorized to adjourn the action for the purpose of informing himself of the sufficiency of the sureties, but this would be the limit of his power.   The undertaking is designed to destroy his jurisdiction, and it arrests it for the time being, and, indeed, until he has approved the undertaking, or refused to do so."

In the case at bar the justice refused to consider the undertaking at all, or to entertain the defendants' application, as he was clearly bound to do, but, as has been stated, granted a discontinuance, and awarded a judgment of nonsuit accordingly, with costs, as pro-

vided in section 1383 of the New York City consolidation act.
It is plain, under the authorities, that he had no power to do so,
and that for this error the judgment must be reversed. While a
plaintiff in these courts has a right to discontinue at any stage of
the action before it is finally submitted, it is obvious, in the na-
ture of things, that the right cannot be asserted at a time when
the limitations upon the power of the justice, imposed through the
operation of another provision of law, are such that he cannot act
upon the application.

Judgment reversed, with costs, and cause remitted to the court
below for action upon the defendants' motion for removal. All
concur.