(24 Misc. Rep. 601.)

## GREVE v. WALLOWITZ et al.

(Supreme Court, Special Term, Kings County. September, 1898.)

1. COURTS—TRANSFER OF CAUSES—UNDERTAKING—GREATER NEW YORK.
　　Under Greater New York Charter, § 1366, providing for the removal of a replevin action from the municipal court to the county court on the filing of an undertaking, it is proper for the court to allow movent an opportunity to furnish a new undertaking, where the one first offered is insufficient.

2. SAME—SURETIES.
　　Under Greater New York Charter, § 1366, providing for the removal of a replevin action from the municipal court to the county court on the

filing of an undertaking with "one or more" sureties, if one of the sureties can justify in the required amount it is immaterial whether the other is sufficient.

3. SAME—AMOUNT.

The fact that the justice did not fix the amount of an undertaking, as required by Greater New York Charter, § 1366, providing that, on removal of replevin actions from the municipal court to the county court, an undertaking shall be filed, and the sum therein fixed by the justice, not exceeding double the value of the property claimed, is immaterial, where the undertaking was for double the value of the property claimed.

4. SAME—MANDAMUS.

Under Greater New York Charter, § 1366, providing for the removal of a replevin suit from the municipal court to the county court on the filing of an undertaking, mandamus is not necessary to compel the removal, where the court rejects a sufficient undertaking, and an inquest taken by the justice of the municipal court on such rejection is without jurisdiction, the statute being mandatory.

5. SAME—APPROVAL OF SURETIES.

Assuming the right of the justice of the municipal court to pass on the sufficiency of the sureties required in an undertaking to move a cause to the county court, under Greater New York Charter, § 1366, his action must be judicial, and not arbitrary or capricious, and, when erroneous, is subject to review.

Appeal from municipal court of Brooklyn.

Action by Frederick E. Greve against Louis Wallowitz and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

A. B. Schleimer, for appellants.

A. A. Joseph, for respondent.

HIRSCHBERG, J. This action is brought in a municipal court in the borough of Brooklyn to replevy articles of personal property valued at $437. By section 1366 of the charter of New York, the defendant was entitled to an order removing the case to the county court, upon filing an undertaking with the clerk of the municipal court, in a sum fixed by the justice, not exceeding double such value, with one or more sureties, to the effect that the defendant will pay to the plaintiff the amount of any judgment that may be recovered against him in the higher court. The defendant made timely application for such removal, and offered an undertaking, which was found insufficient in form, and with insufficient sureties. An opportunity was afforded the defendant, without objection, to furnish another undertaking, which he did, with new sureties, but which the justice also rejected as insufficient. An inquest was thereupon taken, and judgment rendered in favor of the plaintiff.

The plaintiff on this appeal presents no objection to the undertaking, excepting as to the power of the justice to permit the tender of a second undertaking, and as to the sufficiency of the sureties. I have no doubt of the power of the justice. No objection to his course was made by the plaintiff at the time, and no authority is cited showing its impropriety. The undertaking complied with the requirements of the statute as to the sufficiency of the sureties, because the plaintiff admits in his brief that one of the

sureties was sufficient, and the statute requires but one. The words "or more" are inserted to enable a defendant to furnish more than one surety where he is unable to procure one who can qualify alone in the amount required. The undertaking was clearly sufficient so far as the sureties are concerned. The justice did not fix the sum as required, but the undertaking was abundantly good in an amount twice the value of the property. The surety which the plaintiff admits was sufficient testified to equities amounting to $9,000 in the real estate, 968 Bedford avenue and 219–221 Skillway street. The other surety testified that he was free from debt, and that he owned stocks of goods, worth several thousand dollars, in various stores, which he specifically designated, giving the amount in each, and also that he had $500 on deposit in the Bowery Savings Bank. There was nothing in opposition to the oaths of these sureties. If there was any other defect in the undertaking, it is not apparent, and has not been suggested on this appeal.

No authority is cited for the respondent's proposition that the only remedy is to mandamus the justice. The provision requiring him to make the order of removal is mandatory, and the inquest was without jurisdiction. Tuttle v. Galligan, 23 Misc. Rep. 457, 51 N. Y. S. 359; O'Connor v. Moschowitz, 48 How. Prac. 451.

Assuming the right of the justice to pass on the sufficiency of the sureties, which right the statute does not confer, his action must be judicial, and not arbitrary or capricious; and when, as in this case, it is concededly erroneous, it must be subject to review. Judgment reversed, with costs, and cause remitted to court below for action upon defendant's motion for removal.

Judgment reversed, with costs, and cause remitted to court below.