(89 App. Div. 447.)

### MEISEN v. ROTHFELD.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. MUNICIPAL COURT—REMOVAL OF CAUSE—APPLICATION—DISCONTINUANCE.
　　Where defendant, on the call of a case in the Municipal Court and at the time of filing the answer applied for a removal of the cause to the County Court, and asked that the sureties named in the undertaking be sworn in, and the court accepted the answer and swore the sureties, it had no jurisdiction, before passing on the application for removal, to grant a discontinuance on the application of the plaintiff.

2. SAME.
　　The fact that the application and undertaking had not been filed with the clerk and the undertaking approved before the motion for discontinuance had been made, was immaterial.

Appeal from Municipal Court, Borough of Queens, First District.

Action by Michael P. Meisen against Isaac Rothfeld. From a Municipal Court judgment granting a motion for a discontinuance, defendant appeals. Reversed.

Argued before BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Abraham B. Schleimer, for appellant.

Morris Kamber, for respondent.

JENKS, J. This judgment must be reversed. The record shows that upon the call of this case and at the time of filing the answer the defendant applied for a removal to the County Court, and asked that the sureties named in the undertaking be sworn in. The court accepted the answer and the undertaking, and swore the sureties. Thereafter the court retired to examine the sureties, but before their examination the attorney for the plaintiff moved for a discontinuance. The attorney for the defendant objected that the court had no jurisdiction to grant the motion to discontinue at that time, inasmuch as the power of the court was arrested until it had passed upon the application for removal. The objection was overruled, and the motion for the discontinuance was granted. I think that the exception to such

ruling was well taken. Tuttle v. Galligan, 23 Misc. Rep. 457, 51 N. Y. Supp. 359; Leverson v. Zimmerman, 31 Misc. Rep. 642, 64 N. Y. Supp. 723. The learned counsel for the respondent insists that the point was not well taken, for the reason that the order must be granted upon the appellant filing with the clerk the undertaking approved by the court, and that the record fails to show that he filed any undertaking with the clerk, or ever secured the court's approval thereof. In Tuttle v. Galligan, supra, the defendants appeared, pleaded a general denial, applied for an order of removal, and tendered the undertaking. Then it was that the motion to dismiss was made. In that case the court, per Beekman, P. J., said: "It has been held that, when such undertaking is prepared and delivered for approval, the power of the justice in the case ceases until he disposes of the new element thus introduced. Hogan v. Devlin, 2 Daly, 184; Warren v. Campbell [Com. Pl.] 14 N. Y. Supp. 165." True, in Tuttle's Case the court considered section 3216 of the Code of Civil Procedure. But as section 3, c. 580, p. 1490, of the Laws of 1902, is substantially·a re-enactment thereof, the authority holds good. The principle is that the undertaking filed destroys the jurisdiction, and halts it, when submitted, until the court passes upon its sufficiency. Hogan v. Devlin, supra. The application was notice of the procedure of removal, which, in due course, would absolutely be perfected if the undertaking were approved. After the procedure of removal had been initiated, the court had no power in the premises but to approve or disapprove the undertaking. If the undertaking was wholly ineffective until approved, the court could always in the first instance defeat the defendant's right of removal by dismissal of the action. In Leverson v. Zimmerman, supra, the court held that the fact that the undertaking was executed before the court fixed the amount thereof afforded no reason for a refusal of the removal, particularly in view of the fact that the undertaking was for the largest amount contemplated. This is true of the case at bar, inasmuch as the plaintiff sues for $260.90 and the undertaking is for $521.80.

The judgment should be reversed, with costs, and the case should be remitted to the Municipal Court, with directions first to pass upon the sufficiency of the undertaking submitted and accepted by the court upon the application for removal. All concur.