(46 Misc. Rep. 102)

SHERWOOD v. NEW YORK TELEPHONE CO.

(Supreme Court, Appellate Term.   December 23, 1904.)

1. MUNICIPAL COURT—JURISDICTION—REMOVAL OF CAUSE.

Where plaintiff sued in the Municipal Court for $500, and, after issue joined, plaintiff's motion to reduce the amount sued for to $200 was granted, a subsequent application by defendant to remove the cause to the City Court of New York on presenting the required bond and order was properly denied.

2. SAME—SIMULTANEOUS APPLICATIONS.

Where, in a suit in the Municipal Court for $500, plaintiff moved to reduce the amount sued for to $200, whereupon defendant simultaneously moved to remove the cause to the City Court of New York, and presented the required bond and order, it was proper for the court to grant plaintiff's motion and deny the application for removal.

3. SAME—REVIEW.

The denial of a motion to remove a cause from the Municipal to the City Court of New York may be reviewed on appeal, though the question was not raised by supplemental answer and plea to the jurisdiction in the lower court.

4. MUNICIPAL COURT ACT—JURY—WAIVER.

Plaintiff, having sued for use and occupation, demanded a jury, and incurred the expense of two panels, which were exhausted by technical objections by defendant's counsel, when plaintiff waived a jury.   Defendant then demanded a jury, which was denied.   *Held*, that defendant was entitled to a jury under Municipal Court Act, Laws 1902, p. 1557, c. 580, § 231, providing that at any time when an issue of fact is joined either party may demand a jury, and, unless so demanding "at the joining of issue," a jury trial is waived.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Alphonse S. Sherwood against the New York Telephone Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Warren Leslie (Alfred B. Cruikshank, of counsel), for appellant.
Kenneson, Emley & Rubino, for respondent.

GILDERSLEEVE, J. This action was originally brought to recover $500 for use and occupation of plaintiff's roof, at No. 1557 Broadway, by the defendant, in the stringing and maintenance of its wires and construction, for a period of six years prior to January 2, 1904. The pleadings were oral, and the answer a general denial. On the return day there was a motion by the plaintiff to reduce the amount sued for to $200, and a motion by the defendant, on tendering an order and bond, for removal of the action to the City Court.

It is the claim of the defendant that, when the order of removal and bond were tendered, the justice was bound to make the order, and thereafter the court had no jurisdiction to proceed with the trial of the cause. The record contains the following statement by the trial justice of what occurred on the return day, viz.:

"On the return day the parties attended before me, and, after issue was joined, the plaintiff moved to reduce the amount sued for to $200, which motion was granted. Thereafter the defendant presented a bond and order removing the action to the City Court of the City of New York. I held the same was tendered too late, and denied the application to remove the case to the City Court of the City of New York. The defendant duly excepted."

We accept the return as conclusive of what transpired, and hold that the court properly denied the application, and had jurisdiction to try the cause. Kilpatrick v. Carr, 3 Abb. Prac. 117; Barber v. Stettheimer, 13 Hun, 198.

But independently of that, if it were denied that the two motions were made and considered simultaneously, the result was a proper one, within the doctrine of Jaycox v. Pinney, 62 Barb. 344.

The denial of a motion to remove a cause of action from the Municipal Court to the City Court may be reviewed upon appeal. It is not necessary to raise the question that a supplemental answer and plea to the jurisdiction should be received in the court below. Greve v. Wallowitz, 24 Misc. Rep. 601, 54 N. Y. Supp. 175.

In addition to the foregoing, on the return day the plaintiff asked for a jury, and paid the jury fee. The cause was set for trial at a subsequent day, and, when reached, counsel for defendant presented a challenge to the array of jurors. The plaintiff incurred the expense of two panels, and portions of two days were exhausted in endeavoring to obtain a jury. Every effort was baffled by a series of ingenious and technical objections on the part of defendant's counsel. Wearied with the struggle in trying to get a jury satisfactory to the counsel for the defendant, plaintiff's coun-

sel stated he waived a jury. Whereupon defendant's counsel arose and stated as follows: "The defendant now demands that this case be tried by a jury, and tenders the necessary amount, and offers to pay the jury fee." The court denied this application of the defendant, upon the ground that it was too late, and held that the jury should have been demanded by the defendant on the return day. The defendant duly excepted. The trial then proceeded without a jury, and resulted in a judgment for the plaintiff for the full amount claimed. At the end of the plaintiff's case, a motion was made under section 166 of the Municipal Court Act (Laws 1902, p. 1542, c. 580) to amend the cause of action to trespass, in order to conform pleadings to the proof, and was granted. No proof was offered by plaintiff after the making and granting of this motion, and the defendant offered no testimony in defense. The defendant, however, answered the amended complaint as follows: "First, a general denial; and, second, a license from the plaintiff to enter upon the property." The cause of action having been changed from one on contract to one in tort, for the trial of the new issue as thus joined defendant demanded a trial by jury and tendered the jury fee. The court denied the application. The defendant claimed there had been no trial of this issue, and asserted that on the question of trespass its course of cross-examination of plaintiff's witnesses might have been different. Counsel urged that defendant was within its legal rights in demanding a jury trial of the new issue. We express no opinion here on the question raised by, and subsequent to, the amendment of the pleadings. We review the course of the trial, and the rulings, by which the defendant was deprived of a trial by jury of the issue as originally framed.

Section 231 of the Municipal Court Act (chapter 580, p. 1557, Laws 1902), provides that "at any time when an issue of fact is joined, either party may demand a trial by jury, and unless so demanded at the joining of issue, a jury trial is waived." It will be seen that a jury trial may be secured upon the demand of either party, and that a jury trial is only waived when neither party makes such demand. Reubenstein v. Silberfeld, 24 Misc. Rep. 201, 52 N. Y. Supp. 703. The plaintiff took the necessary preliminary steps to a trial by jury; such a trial was ordered, and the selection of a jury begun, with the result above detailed. Under these circumstances we think the defendant had a right to rely upon having a jury trial. Had not the plaintiff demanded it, defendant might have done so. The methods pursued by defendant's counsel in the selection of a jury may tend to show no particular desire for one, but they do not affect the question of the defendant's right to a jury as a matter of law. The plaintiff might waive the right to a jury trial on his part, but could not, against the defendant's objection, deprive it of that right. When the jury was ordered, the cause became one for a jury, and the trial justice could not lawfully proceed to try the issues alone, except upon the consent of both parties, or until both parties had waived a jury. The statute does not require both parties to demand a jury in order to secure the rights of both thereto. In the case at bar, five jurors had been impaneled

when the court discharged the jury. The defendant then demanded that the case be tried by a jury, and offered to pay the jury fee for another panel. In New York Dyeing & Printing Establishment v. Fox, 6 Daly, 467, it was held that where plaintiff has demanded a jury, and afterward waived it, defendant must offer to pay the jury fees if he desires a jury trial. To permit the party demanding a jury to dispense with it at any stage of the trial that might be to his liking, over the objection of his opponent, would be an entirely new practice, and would result in great confusion, embarrassment, and injustice. We are of the opinion that at the time in question it was error to permit the plaintiff to proceed before the justice alone and to deny the defendant a jury trial, and that on this ground the judgment should be reversed. Having reached this conclusion, we are not called upon to discuss the other questions raised upon this appeal.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.