MARY ALLWORTH, *p. a.*, *vs.* INTERSTATE CONSOL. RAILWAY COMPANY.

PROVIDENCE—APRIL 17, 1905.

PRESENT: Wilbur, S. A. J., and Dubois and Blodgett, JJ.

(1)   *Claim of Jury Trial.*

The endorsement of a claim for jury trial upon the copy of declaration required to be filed for the use of the defendant is an election of a trial by jury by plaintiff and is not affected by the subsequent withdrawal of such copy by defendant from the records.

TRESPASS ON THE CASE for negligence. Heard on motion of defendant for remission of case from Appellate to the Common Pleas Division. Motion granted.

(1)   PER CURIAM. The plaintiff claimed a jury trial in writing and endorsed his claim upon the copy of the declaration required to be filed for the use of the defendant by the provisions of section 1, chapter 845, Public Laws, and the same was seasonably filed in the Common Pleas Division. Subsequently the

defendant withdrew such copy for his own use, and inasmuch as there then remained no record evidence of such claim, the case was certified to the Appellate Division under the provisions of section 6, chapter 238, General Laws, and the plaintiff has subsequently filed a written waiver of said claim in this court. No claim for jury trial was made by the defendant, who now moves that the case be remitted to the Common Pleas Division for a jury trial.

We are of the opinion that the motion must be granted. The plaintiff duly elected a trial by jury, and must be bound by his election. The defendant was not bound to repeat a claim already once seasonably made. Indeed, such an act by the defendant would have been vain and useless, and the maxim is well established, "*Lex neminem cogit ad vana seu inutilia peragenda.*" It follows that the defendant's right ought not now to be prejudiced by the withdrawal of such claim by the plaintiff, against the defendant's objection and after the plaintiff has permitted the defendant to rely thereon until the time has expired within which a jury trial might have been claimed by the defendant. (Sec. 6, cap. 238, Gen. Laws R. I.) The right of jury trial being a constitutional right, a waiver of it should not be presumed. And see *Sweeny & Carr* v. *Barbin*, 2 Mart. (O. S.) 48; *Livaudais* v. *Spear*, 10 La. An. 24; *Lewis, et al.* v. *Klotz*, 39 La. An. 263.

Case remitted to the Common Pleas Division.

*Hugh J. Carroll*, for plaintiff.

*Henry W. Hayes, Frank T. Easton, Lefferts S. Hoffman, and Alonzo R. Williams*, for defendant.