for the payment to the plaintiff of $160 commissions was introduced in evidence by his counsel, and the defendant's counsel was not permitted to cross-examine the plaintiff as to who drew the contract, and whether or not it was read to the plaintiff before he signed it. This was error. A careful examination of the record convinces us that the interests of justice require that there should be a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

(51 Misc. 675)

### ELMORE v. NEW YORK CITY RY. CO.

#### (Supreme Court, Appellate Term. November 14, 1906.)

JURY—DEMAND—SUFFICIENCY.

    Under the statute both parties to an action need not demand a jury in order to secure the rights of both thereto.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Arthur Elmore against the New York City Railway Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

E. V. R. Ketchum, for appellant.

Henry J. Smith, for respondent.

PER CURIAM. The statute does not require both parties to demand a jury in order to secure the rights of both thereto. The record herein does not show that the plaintiff waived a jury at any stage of the case. Under the circumstances disclosed, it was error for the learned justice to proceed to trial without a jury. The legal rights of the parties are correctly stated in Sherwood v. N. Y. Telephone Co., 46 Misc. 102, 91 N. Y. Supp. 387.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

DUGRO, J., took no part.