# Pace *v.* Hannon.

*Assumpsit.*

(Decided Nov. 9, 1909. 50 South. 908.)

*Jury; Right to Jury Trial; Demand; Withdrawal; Failure to Object.*—Where a defendant defaulted and entered no objection to plaintiff's withdrawal of his demand for a jury trial, the court should assess the damages on the default judgment upon such withdrawal. (Sections 12 and 16, Acts 1907, p. 569.)

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Assumpsit by Jesse W. Hannon against Thomas B. Pace. From a judgment by default for plaintiff, and a writ of inquiry by the court, defendant appeals. Affirmed.

FITTS & LEIGH, for appellant.—The court erred in rendering default judgment and assessing damages without the intervention of a jury.—*Wagnon v. Turner,* 73 Ala. 197; *Warwick v. Brooks,* 67 Ala. 252; *Manhattan F. I. Co. v. Powell,* 76 Ala. 372; Acts 1907, p. 569. A demand was filed for a jury and the defendant was entitled to the benefit of it.—*Aldworth v. Interstate C. R. Co.,* 60 Atl. 834; *Warren v. S. G. Grocery Co.* 36 S. W. 383; *Garrison v. Hollins,* 2 Lea. 684; *Sherwood v. N. Y. Tel. Co.,* 91 N. Y. Supp. 387.

[Pace v. Hannon.]

McIntosh & Rich, for appellee.—The court did not err in giving judgment by default and in executing writ of inquiry without a jury in this case.—Secs. 12 and 16, Acts 1907, p. 569; *Ex parte Ansley,* 107 Ala. 615; *Blankenship v. Parsons,* 113 Ala. 275; *Brock v. L. & N.,* 122 Ala. 178; *Knight v. Ferrall,* 113 Ala. 258.

DOWDELL, C. J.—This appeal is prosecuted from a judgment by default in the law and equity court of Mobile. The damages claimed being uncertain, a writ of inquiry was had before the court, by which the court ascertained the same. The judgment is assigned as error, the point taken being that it is shown by the record that the plaintiff, upon the suing out of the summons and complaint, demanded, under the act creating the court (Acts 1907, p. 569, § 16), a trial by jury, and that, she having done so, there could be no withdrawal of the demand without the consent of the defendant, and that consequently it was error for the court, instead of a jury, to assess the damages.

Section 16 of said act provides "that in all cases at law tried in said court, whether commenced by summons and complaint, attachment or otherwise, the issues and questions of fact shall be tried by the court without the intervention of a jury unless a jury be demanded by the plaintiff at the commencement of the suit, or by defendant when he appears," etc. It is further provided in said section how the demand for a jury shall be made. Section 12 (page 567) of said act provides "that in all cases commenced in said court by summons and complaint, * * * the defendant shall be required to appear and demur, answer or plead to the complaint * * * within thirty days after the service of the summons upon him, whether such service be in term time or vacation; * * * the defendant failing for more

than the time herein above provided to appear and demur, or plead or answer, shall be held to be in default, and at any time thereafter, judgment by default * * * may be rendered against him," etc.

In the present case the defendant failed to appear, and judgment by default was regularly rendered against him. There can be no question as to the regularity of the judgment by default. It was rendered pursuant to the provisions of section 12 of the act. The judgment recites that in a subsequent day of the term of the court, "this day came the plaintiff by her attorneys, and it being shown to the court that the plaintiff did on a previous day of this term of court obtain a judgment by default with leave to prove damages, and no trial by jury having been demanded by the plaintiff, this cause is tried by the court without the intervention of a jury, and the court after hearing the evidence renders judgment for the plaintiff for $1,000," etc. There is an apparent conflict between the recital in the judgment entry and the indorsement of the summons as shown by the record as to a demand for a trial by jury by the plaintiff; but as both parties treat in brief and argument the recital in the judgment as being in fact merely a withdrawal of the previous demand by the plaintiff for a jury trial, we pretermit any consideration of the question of conflict between the judgment entry and the other part of the record.

The appellant insists that the plaintiff's demand on the summons and complaint for a jury trial inured to his benefit and could not be withdrawn without his consent. This contention would have merit in it, if the appellant, defendant, had appeared, relying on the demand made by the plaintiff for a jury, and, for that reason, had suffered his own opportunity for demanding a jury to pass. Such are the cases of *Allworth*

[Long v. Grant.]

*v. Interstate Consol. R. R. Co.,* 27 R. I. 106, 60 Atl. 834; *Warren v. Scudder-Gale Grocery Co.,* 96 Tenn. 574, 36 S. W. 383, and *Sherwood v. New York Telephone Co.,* 46 Misc. Rep. 102, 91 N. Y. Supp. 387, cited and relied on by counsel. The defendant was present in court and resisting the plaintiff's withdrawal of his demand for a jury. Here there was no objection to the withdrawal of the demand. The defendant was not present to object or consent. He was in default—which was in a sense a confession of plaintiff's cause of action. The facts clearly differentiate the present case from the cited cases.

The cases of *Wagnon v. Turner,* 73 Ala. 197; *Warwick v. Brooks,* 67 Ala. 252, and *Manhattan Fire Ins. Co. v. Fowler & Co.,* 76 Ala. 372, cited by counsel, are without application. In those cases the court was without jurisdiction to try facts without the consent of both parties. Here that jurisdiction and power is conferred on the court by statute, and no consent is required.

The defendant not appearing, and no objection being interposed to the plaintiff's withdrawal of his demand for a jury, we are of the opinion, and so hold, that the court's action was free from error.

The judgment will be affirmed.

Affirmed.

SIMPSON, MCCLELLAN, and MAYFIELD, JJ., concur.